137 So.2d 51

**STATE of Alabama**

**v.**

**John R. FARRIS.**

3 Div. 963.

Supreme Court of Alabama.

Jan. 18, 1962.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Jas. R. Payne, Asst. Atty. Gen., for appellant.

Jones, Murray & Stewart, Montgomery, for appellee.

**MERRILL, Justice.**

· The State Department of Revenue entered a final assessment against appellee, John R. Farris, for the architect license tax provided for under Tit. 51, § 459, Code 1940. Farris appealed the assessment to the Circuit Court of Montgomery County. The cause came on to be heard and the parties rested after one witness testified, and the trial court found in favor of appellee.

Title 51, § 459, provides:

"Each architect practicing his profession for the public shall pay to the state a license tax of twenty-five dollars, but no license shall be paid to the county. If such business is conducted as a firm or as a corporation, in which more than one person above named is engaged, each person so engaged shall pay the amount provided above."

The important words are "for the public" in · the first sentence.

Appellee contends that he does not owe the architect license tax because he was not practicing the profession of architecture "for the public" as provided by the statute, but is merely an employee of Tom B. Kirkland. The State contends that he is practicing his chosen profession for the public although he is employed by Kirkland.

Kirkland was the only witness called by either side. He testified substantially that:

John Farris at all relevant times was employed by Tom B. Kirkland, a licensed architect doing business under the name, Tom B. Kirkland, Architect, and employing a number of persons to do architectural and associated work for Tom Kirkland. The business organization of Kirkland provides for sole ownership, direction, liability and management in Tom B. Kirkland, that associates should take no outside jobs or home work, and that Tom Kirkland should have the final decision of all questions. One of his employees is a registered engineer, some of them are registered architects, some of them are graduate architects who have not yet been registered by the State Registration Board and some of them are parties with experience but no final college degree in the field of architecture or allied industries; all do the same type work. The Kirkland firm, including appellee, may turn out work only under the architectural seal of Tom B. Kirkland. Farris had no such seal of his own.

The employees of Tom Kirkland, including Farris, do architectural work. They work for Tom Kirkland, they are paid by him, they take orders from him, and they are responsible to him and him only. When the fruits of their work are sold to the public, it is and must be sold by and through Tom Kirkland, and Tom Kirkland alone is responsible to the public who buys his services, even though those services include the labors of the many employees of Tom Kirkland. These services are marketed under the name, Tom B. Kirkland, Architect.

· Farris, a registered architect, does architectural work for Tom Kirkland. He is doing exactly the same kind of work as that done by unregistered architects who are employees of Tom Kirkland, Registered Architect. Farris holds a job equivalent to jobs held by non-registered architects and others. He works under Kirkland's supervision, responsibility, and control; he may not accept employment from the public generally or from any private individual;

if his employment is sought, it must be obtained through Tom Kirkland; he may not bind the firm of Tom Kirkland to any contract of any sort; he is not authorized to accept any job, either in the Kirkland name or in his own name; and he has no right to represent the firm to the public in any general way.

An architect or firm of architects has a professional style by which he or it is identifiable, and the Kirkland employees, including Farris, accommodate themselves to the Kirkland style.

Kirkland further testified that he held his firm out to the public as having qualified personnel to do architectural work, that Farris is Senior Associate in the firm and was so held out to the public, and the public was aware of the personnel of his organization.

An outline showing the firm's organization showed that in 1957, one of the years in question here, the owner received $700 per month salary and Farris $650 per month.

Appellee argues that the rule that where testimony was heard ore tenus by the trial court, his decree will not be disturbed on review unless plainly and palpably wrong is applicable here. We cannot agree.

■ Here, the testimony was furnished by one witness, and it does not contain conflicts. When so, no presumption in favor of the findings of the trial court is indulged. State v. T. R. Miller Mill Co., 272 Ala. 135, 130 So.2d 185; State v. Joe H. Brady & Associates, 264 Ala. 397, 87 So.2d 852.

■ Since no presumption is to be indulged in favor of the findings of the trial court, it is our duty on this appeal to determine whether the testimony of Mr. Kirkland is sufficient to overcome the presumption that any assessment made by the Department of Revenue shall be prima facie correct upon appeal. State v. Mobile Stone & Pulley Mfg. Co., 255 Ala. 617, 52 So.2d 693; Tit. 51, § 767, Code 1940.

We think the evidence that appellee is a registered architect, does the work of a registered architect in making his livelihood, that he was held out to the public by Kirkland as being a qualified architect and Senior Associate of the firm, that he had charge of certain jobs and certain divisions of work, that he devoted his full time to the architectural business, and "shall, if so required, serve as Executive Assistant and/or Attorney-in-Fact to Owner" strongly indicates that he was an "architect practicing his profession for the public." The second sentence of Tit. 51, § 459, provides that each person so engaged shall pay the license.

We are of the opinion that the evidence was not sufficient to overcome the presumption of correctness of the assessment made by the Department of Revenue and that the trial court erred in vacating and annulling the assessment.

It follows that the decree of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.