64 So.2d 139

## LOUISVILLE & N. R. CO. v. LOWREY.

### 2 Div. 826.

Court of Appeals of Alabama.
March 17, 1953.

Pettus, Fuller, Reeves & Stewart, Selma, Steiner, Crum & Baker, Montgomery and John W. Drinkard, Linden, for appellant.

Leonard M. Lowrey, Jr., Linden, for appellee.

PRICE, Judge.

Plaintiff sued to recover damages for the killing of her horse by one of defendant's trains. The cause was tried in the court below without the intervention of a jury. A judgment was rendered in favor of plaintiff and her damages assessed at Five Hundred Dollars.

The basis of the assignments of error is that the court erred in rendering a verdict for appellee on account of the insufficiency of the evidence, and in overruling the motion for a new trial on the grounds the verdict was contrary to the law, the facts and to the great weight of the evidence.

■ Without dispute in the evidence, plaintiff's Tennessee walking horse, Stylish Merry Boy, was killed by defendant's train at a private dirt road crossing defendant's tracks. This made out a prima facie case in favor of plaintiff, and cast on defendant the burden of acquitting itself of negligence. Section 173, Title 48, Code 1940; Louisville & N. R. R. Co. v. Green, 222 Ala. 557, 133 So. 294.

For the defendant, the fireman testified he had just looked after the fire in the engine and crawled upon his seat. Looking up the track on the left side he saw a horse feeding. This horse never raised its head as the train passed He never saw the horse that was killed and knew nothing about it until the engineer told him. The train was heavily loaded and was traveling up-grade at a speed of not more than 15 to 20 miles per hour. Toward Linden, the direction they were traveling, there was a curve and just at the end of the curve a private roadway crossed the tracks. There was a right of way fence and a cattle gap where the road crossing comes through. As they approached the private roadway the engineer blew the whistle and rang the bell. It was night time and the locomotive light moves with the engine and shines enough to see on a curve. He had seen livestock feeding along the right of way at different times.

The engineer testified the train had stopped at Thomaston, less than half a mile away. It was traveling up grade with a heavy load at 15 to 20 miles an hour. The train was equipped with modern appliances, which were in good working order. It was about 9:50 at night and the weather was clear. He began blowing the whistle and ringing the bell about 150 feet from the crossing. He didn't see the horse until he was within fifty feet of it. The animal was on the dirt road with its head down, grazing at the edge of the road. When he saw the horse he put his hand on the brake but by that time the horse was hit. As the train entered the crossing the horse wheeled

into it and was knocked over the stock gap. He did.not stop the train until he reached Linden. Upon examination, he found a little hair on the pilot beam on the right side.

He further testified that coming off the trestle and up to the private road the road-bed is fairly straight. The locomotive light was shining kind of through the woods when he entered the crossing, because it was on a curve and he was on the inside of the curve, but he was looking out on the right side and could see the horse. The horse was six or eight feet from the track and would have been in the right of way ditch if the road crossing hadn't been there. At the time he saw the horse wheel around toward the train the accident could not have been avoided. He had been running trains from Selma to Myrtlewood for about ten years and had seen livstock in that area.

 When an animal is discovered in dangerous proximity to the tracks it becomes the duty of the engineer to use the usual and proper means to frighten it away, and failing in this, to check the speed of the train, so as to bring it under control, in order to avoid the injury. Also, if the animal is not discovered because of the engineer's negligence in not keeping a proper lookout, and injury results therefrom, the company is liable as if the animal had been in fact discovered. Kansas City, Memphis & Birmingham Railroad Co. v. Watson, 91 Ala. 483, 8 So. 793; Alabama Great Southern R. Co. v. Smelley, 237 Ala. 471, 187 So. 630.

Whether defendant had established itself free from negligence was a question of fact addressed to the trial court, and in determining that fact the court had the right to consider all the physical facts and circumstances surrounding the act complained of.

It is a familiar rule of law that when a civil case is tried by the court without a jury, the conclusion reached by the trial judge from the evidence given ore tenus has the effect of a jury verdict, and the judgment will not be set aside unless it is plainly and palpably contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Benton Mercantile Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784.

After a careful examination of the evidence, and allowing all reasonable presumptions in favor of the trial court, we are of the opinion the evidence was sufficient to sustain the verdict.

Affirmed.