152 So.2d 692

DEPARTMENT OF INDUSTRIAL RELA-
TIONS and Swift and Company

v.

Everett F. RICH.

5 Div. 616.

Court of Appeals of Alabama.

April 23, 1963.

J. Eugene Foster and Wm. S. Mooney-
ham, Montgomery, for appellants.

A. Drew Redden, Tallassee, for appellee.

JOHNSON, Judge.

This is an appeal by the Department of
Industrial Relations and Swift and Com-
pany from a decree of the Circuit Court
awarding unemployment compensation to a
discharged employee.

The claimant filed this claim with the
Department and duly pursued the adminis-
trative procedures as provided by statute
and it was found that the claimant was
disqulified under Code 1940, Tit. 26, Sec.
214, subd. C(1) as having been discharged
by Swift and Company for reckless driving
after drinking, which constitutes an act en-
dangering the safety of others and is, there-
fore, misconduct in connection with his
work. After decision by the Board of
Appeals denying compensation claimant ap-
pealed to the Circuit Court, where the cause
was tried de novo upon evidence heard
orally before the trial judge. By an amend-
ed decree partial compensation was allowed,
the decree reciting in pertinent part as fol-
lows:

"Following the accident the Claimant
was discharged from his employment
and has been denied any unemployment
compensation.

"The Court is of the opinion that the
Claimant is guilty of misconduct in con-
nection with his work and employment,
but not to the extent, or so aggravated,
that he should be wholly and totally
disqualified for any and all unemploy-
ment compensation. The Claimant has
been in the employment of his employer
for some 16 years, and the Court's ob-

servation of him is that he is in the declining years of life.

"Upon further, full and most careful consideration of all the facts and circumstances the Court concludes that, giving a liberal, reasonable, and equitable interpretation and application to the Statute for recovery of unemployment compensation, the Claimant should be allowed partial compensation to the amount of $364.00, but is disqualified for compensation for the week in which he was discharged and for the six next following weeks as provided by Title 26, Section 214, subsection C (2), Code of Alabama."

In pertinent part Sec. 214, Title 26 of the Code is as follows:

"An individual shall be disqualified for total or partial unemployment:

"C. (1) If he was discharged or removed from his work for a dishonest or *criminal act committed in connection with his work* or for sabotage or an *act endangering the safety of others* or for actual or threatened deliberate misconduct after written warning to the individual.

"(2) For the week in which he has been discharged for *misconduct* connected with his work *(other than acts mentioned in subsection (1) of this subdivision)* and for not less than the three nor more than the six next following weeks as determined by the director in each case according to the seriousness of the conduct." (Italics ours).

The sole question presented on this appeal is whether claimant was wholly or partially disqualified to receive compensation. Determination of this question depends upon an interpretation of the applicable statutory provisions, hereinabove set out. A brief summary of the evidence before the trial court will suffice to illustrate our conclusion.

On the occasion giving rise to his discharge, claimant was assigned to the work of driving a truck loaded with ice cream from Montgomery to Mobile. He started on his mission around 3 o'clock in the afternoon.

Upon reaching a point on the public highway 65 or 70 miles from Montgomery, the truck was involved in a one car accident, overturning and coming to rest on its side about the middle of the highway.

Claimant "got out and put out * * * flares and everything, went to McKenzie [by car], about two miles for help * * * and * * * used the telephone to call the highway patrol and to call Montgomery to report the accident" to his employer.

Upon investigation by an officer of the patrol, it was determined that the truck had proceeded in a straight line in the proper lane leaving skid marks for some 170 feet and then veered to the center for a distance of 20 feet when it turned over. The officer estimated the speed of the truck at 65 to 70 miles per hour. Shortly afterwards, the officer was joined by a supervisory officer of the employer at the scene of the accident. Still later, the claimant, who had been treated by the late Dr. Jurdon in McKenzie, joined these two.

Evidence given by the patrolman and the supervisory employee was to the effect that claimant was under the influence of alcohol.

The patrolman gave claimant a ticket for reckless driving, but noted on the report that he had been drinking while driving.

Claimant went to a hospital where he remained for about two weeks. Soon after he entered the hospital, a friend took the ticket and paid the fine.

Upon leaving the hospital, he reported to his employer for work. He was informed by the superintendent that he had been discharged, and the superintendent's report showed drinking while driving as the cause.

**82**

On hearing claimant testified that he was not intoxicated at the time of the accident, but had taken only one drink around 7 o'clock that morning; that he was driving at the lawful speed of 50 miles an hour, following other cars; that the car ahead suddenly slowed down to make a left turn and that he applied the brakes and tried to turn toward the right shoulder. Claimant further testified that when he applied the brakes the left front wheel locked and he was unable to keep the truck from veering to the left. His evidence also tended to show that the power brakes and power steering were defective and that he had known that the steering mechanism was defective and had reported this information to his superiors before the accident but thought it had been repaired. Other witnesses tended to refute claimant's testimony as to the cause of the accident and the condition of the truck.

▮ We are not called upon to weigh the evidence. As we have shown above, the trial court found that claimant was guilty of misconduct in the performance of his work. The evidence fully justified this finding.

"It is a familiar rule of law that when a civil case is tried by the court without a jury, the conclusion reached by the trial judge from the evidence given ore tenus has the effect of a jury verdict, and the judgment will not be set aside unless it is plainly and palpably contrary to the weight of the evidence." Allen v. Zickos, 37 Ala.App. 361, 68 So.2d 841; Louisville & N. R. Co. v. Lowrey, 37 Ala.App. 112, 64 So.2d 139.

▮ An accurate determination of the facts in this case is difficult. We note that the trial court who heard the testimony ore tenus without a jury modified his original decree. There is sufficient evidence to support his decree as amended. Inasmuch as Everett F. Rich has not taken a cross appeal, this cause is due to be

Affirmed.