GLADNEY, Judge.
Plaintiff herein prosecutes this appeal from a judgment of the District Court of Caddo Parish affirming her disqualification from the receipt of unemployment compensation benefits. Claimant was a former em *69 ployee of the American National Insurance Company, and, after dismissal from her employment on grounds of insubordination, filed a claim for unemployment compensation benefits.
The scope of our review of a decision by the Board of Review for the Division of Employment Security of the Department of Labor, State of Louisiana, has been limited by the statute, LSA-R.S. 23:1634, which reads, in part:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
The Board of Review based its ruling of disqualification on the following findings:
“The claimant had worked more than four years for the above employer as a cashier, earning $275.00 per month. During the month of December, 1962, she discussed with her immediate supervisor an increase in salary. At that time she was receiving $250.00 per month. She was told that he would see what he could do. Nothing was done immediately; then, on February 15, 1963, she wrote a letter to the district manager asking for the increase. She did not receive an answer, but was informed by telephone that an increase would have to be recommended by the general agent. A raise of $25.00 per month was recommended by the agent, effective February 15, 1963. The claimant had asked for at least $300.00 per month and, when she did not get it, she again wrote the district manager without telling her immediate supervisor. She reported to the district manager many things which she thought, in her own opinion, were discriminating against her. She also criticized the operation of the local office and the management of the Shreveport general manager. This was not her responsibility, and was in violation of all Company policies by writing to the district manager without going through her supervisor. Copies of both letters are part of the records. The manner, in which the letters were written, was without good judgment and authority to criticize her immediate supervisor to higher authorities. The Company had no set policies pertaining to salary increases, but was at the discretion of the general agent, depending upon the merits of performing her duties.”

“The employer has present sufficient evidence to show that he was justified in dismissing the claimant. She violated Company policies by going above her immediate supervisor and asking for a raise, without his knowledge. The letters were written without authority, and in a manner that would justify good cause for dismissal. It is held that her actions were misconduct in connection with her work.”
In confirming the holding of the Board of Review, the trial judge was of the opinion the evidence fully justified the discharge of the claimant.
This court has repeatedly held that “misconduct” which renders a discharged employee ineligible for unemployment compensation occurs when conduct of the employee evinces willful or wanton disregard of the employer’s interest, as in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. LSA-R.S. 23:1601 [2], Burge v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana, La.App., 83 So.2d 532 [2d Cir., 1955]; Sewell v. Sharp, La.App., 102 So.2d 259 [2 Cir. 1958] ; Jackson v. Brown, Administrator, La.App., 136 So.2d 329 [2d Cir. *70 1961]; Wilson v. Brown, La.App., 147 So.2d 27 [2d Cir. 1962],
Where the evidence produced at the hearing before the administrative agency is open to various constructions, the reviewing court must accept the findings of the agency. The record under consideration contains sufficient evidence to justify the factual determination of the Board of Review, and, accordingly, the judgment from which appealed is affirmed.