195 So.2d 536

Armistead SCOTT

v.

SCOTT PAPER COMPANY et al.

I Div. 50.

Court of Appeals of Alabama.

Sept. 20, 1966.

Rehearing Denied Oct. 11, 1966.

Affirmed on Mandate Feb. 14, 1967.

Geo. J. Moore, Mobile, for appellant.

Armbrecht, Jackson & DeMouy, Mobile, and J. Eugene Foster, Montgomery, for appellees.

CATES, Judge.

This unemployment insurance appeal was submitted April 5, 1966.

The decision of the Hon. S. M. Chaffin, Jr., Referee of the Department of Industrial Relations, who served as the appeals tribunal established by Code 1940, T. 26, § 218, in this cause, reads:

"APPEARANCES: Claimant, attorney, and four employer representatives.

"ISSUE: Discharged for industrial misconduct—Section 214–C(1).

"FINDINGS: A claim for benefits was filed May 3, 1964. A disqualifying determination was issued cancelling the claimant's benefit rights based on the wages he had earned with the employer as he was discharged for a dishonest act committed in connection with his work. * * *

"The claimant worked as a laborer in a paper manufacturing plant for more than ten years. He was discharged from his job April 14, 1964, for the reason: 'Removal of company property without authorization.' The claimant had a package of finished paper wrapped in some clothing in his possession when he was intercepted by a plant guard as he left the employer's premises through the main office. The plant guards had been alerted as it was suspected that some employees were removing paper from the premises without proper authorization. The claimant informed a company official that he had removed the paper from a trash container and had no intention of stealing company property. The main office was used as an exit from the plant but was not used by the production employees unless authorization had been issued. The claimant's reason for leaving through the office on the last day of employment was to go to a credit union office which was located in that vicinity. The package of paper was examined and found to contain

letter size white bond. The paper was wrapped. However, the label had been removed. * * * The employer reported that the taking of the paper was a violation of company rules[1] regardless of where the claimant obtained the paper. "CONCLUSIONS: Section 214–C(1) of the Alabama Law provides in part that a worker shall be disqualified for benefits if he is discharged for a dishonest [or criminal] act committed in connection with his work. A disqualification under this section of the Law requires a cancellation of benefits rights based on the wages the claimant earned with the employer prior to the date of his discharge. The employer has the burden of showing that an act of misconduct did occur which led to the claimant's termination from work.

\* \* \* \* \* \*

"There is very little conflict in the evidence in this case. The claimant did have possession of a package of letter size bond paper as he was leaving the employer's premises. It is the Referee's opinion that the weight of evidence supports the employer's contention that the paper in the claimant's possession was a finished product. The paper was wrapped, although the label had been removed. It does not seem reasonable that a product of this type would be wrapped unless it had passed the final inspection and was considered a finished product.[2] The evidence also reveals that the claimant had concealed the paper by wrapping it in some clothes. * * * Claimant should have been able to recognize paper that was a finished product or had been rejected as scrap as he had been working at the plant for a long pe-

riod of time. After considering all of the evidence it is concluded that the claimant did deliberately remove company property from the employer's premises without proper authorization. This act on the part of the claimant does, in the Referee's opinion, constitute a dishonest act within the meaning of Section 214–C(1) of the Alabama Law. It is held, therefore, that the claimant is not entitled to benefits based on the wages earned with the employer prior to the date of his discharge.

"DECISION: The examiner's determination is affirmed. No benefits are payable."

The Board of Appeals of the Department reached a like conclusion. Trial de novo in the circuit court also resulted in a judgment against the claimant under § 214, subd. C(1) of the Act. After denial of his motion for new trial, Scott appealed to this, the fourth (but not final) step.

Code 1940, T. 26, § 214, as amended, reads in pertinent part:

"§ 214. *Disqualification for benefits.*— An individual shall be disqualified for total or partial unemployment:

\* \* \* \* \* \*

"C. (1) If he was discharged or removed from his work for a dishonest or criminal act committed in connection with his work or for sabotage or an act endangering the safety of others or for actual or threatened deliberate misconduct after written warning to the individual.

\* \* \* \* \* \*

"D. (1) When an individual is disqualified for benefits under subsection B or C(1) of this section, he shall not

---

1. No exact copy of the rule was put in evidence. The separation information request was answered by the employer with a reference to removing property from the premises without a permit.

2. "MR. PATRIDGE: I think I can answer that. The wrapping stage is the final stage after the paper has been accepted and goes on through the produc-

tion line. Once the wrap is put on it, it is assumed and determined that all the paper inside is quality paper and is ready for distribution."

The guard who stopped Scott at the gate testified in part: "The label was off. But the package itself was intact and it was wrapped and sealed and it was *not* opened. I looked at it thoroughly."

thereafter be entitled to any benefits under this chapter on account of wages paid to him for the period of employment by the employer by whom he was employed when the disqualifying event occurred, * * *"

Subsection C(1) came into the law in the 1949 amendment. Act No. 526, September 2, 1949. Beforehand, subsection C had read:

"C. For the week in which he has been discharged for misconduct connected with his work, and for not less than the three nor more than the six next following weeks, as determined by the director in each case according to the seriousness of the conduct."

In Director of Industrial Relations v. Rich, 42 Ala.App. 80, 152 So.2d 692, this court relied on the presumption attending the trial judge's fact finding. Consequently, though Rich had been accused of driving a company truck while intoxicated, the rule of Phillips v. State, 25 Ala.App. 286, 145 So. 169, hn. 3, supported the circuit court in reducing the disqualification to that falling under paragraph 2 of subsection C of § 214. See Anno. 146 A.L.R. 243.

Bagwell Electric Steel Casting Co. v. Director of Industrial Relations, 42 Ala.App.

Our statute is sui generis and hence cases such as Swope v. Florida Indus. Commission (Fla.), 159 So.2d 653, Spaulding v. Commission (Fla.App.) (1963), 154 So.2d 334, and Turner v. Brown (La.App.), 165 So.2d 68 [2d Cir.], are not of help.

■ The circuit judge properly excluded any evidence of the union not making a grievance of Scott's discharge. That would have been an irrelevant collateral issue.

■ Here, the evidence that the paper was wrapped pursuant to a uniform production or shop practice for finally inspected and approved, processed work, coupled with

the claimant's concealing it in a bundle of work clothes on leaving the guarded work area, while suspicious, would not have sufficed to let a criminal case go to a jury on a charge of embezzlement. Code 1940, T. 14, § 126, as amended.[3] This because of failure to prove reasonable market value.

■ In a case of taking property or other things of value, we construe dishonest and criminal as synonymous. Our unemployment insurance law in case of ambiguity is to be given a construction—within the tolerance of the ambiguous words—favorable to the claimant. Usher v. Department of Industrial Relations, 261 Ala. 509, 75 So. 2d 165.

■ Also the company's rules, if any, should have been adduced in evidence.

The judgment of the circuit court denying benefits under § 214, subd. C(1) is due to be

Reversed and remanded.

CATES, Judge.

Affirmed, authority of Scott v. Scott Paper Co., 195 So.2d 540 (1 Div. 409).
189, 158 So.2d 122 (cert. den. with opinion 275 Ala. 677, 158 So.2d 121), sheds no light on the instant appeal.

---

3. Corporate employees since 1945 can be punished for embezzling. Hence, cases such as Mehaffey v. State, 16 Ala.App.

