486

195 So.2d 540

**Armistead SCOTT**

v.

**SCOTT PAPER CO. et al.**

**I Div. 409.**

Supreme Court of Alabama.

Jan. 12, 1967.

Marshall DeMouy, Mobile, for Scott Paper Co.

J. Eugene Foster and Jas. R. Solomon, Jr., Montgomery, for Department of Industrial Relations.

Geo. J. Moore, of Moore, Moore Downing & Layden, Mobile, opposed.

MERRILL, Justice.

The employer, Scott Paper Company, and the Department of Industrial Relations petitioned this court for writ of certiorari to review a decision of the Court of Appeals, in which that court reversed a decision of the Circuit Court of Mobile County holding an employee not entitled to unemployment benefits

The employee, Scott, was discharged for removal of company property without authorization. The facts are set out in the opinion of the Court of Appeals, 195 So.2d 536, and they will not be repeated here. It is sufficient to say that the employee was stopped by a plant guard as he was leaving the plant. Concealed or wrapped in some clothing he was carrying was a package of wrapped finished bond paper. The taking of the paper was a violation of company rules regardless of where the claimant obtained the paper, and was not authorized in this case. The employee said he removed the paper from a trash container and had no intention of stealing company property.

The employee filed a claim for unemployment benefits and a claim examiner of the Industrial Relations Department disallowed it under Tit. 26, § 214, subd. C(1), Code 1940, as amended, which provides that an employee shall be disqualified for benefits if he was discharged or removed from his work for a dishonest or criminal act committed in connection with his work.

The employee appealed this decision to an appeals referee, who affirmed the decision of the claims examiner.

That decision was appealed to the Department of Industrial Relations Board of Appeals where, after an oral hearing, the decision was again affirmed.

The employee then appealed to the Circuit Court of Mobile County where, after a hearing, the decision was again affirmed. He then appealed to the Court of Appeals where the judgment of the circuit court was reversed and the cause remanded.

As we understand the opinion of the Court of Appeals, the judgment was reversed because the evidence did not meet the technical requirements for a conviction of the crimes of larceny or embezzlement. The court said: "In a case of taking property or other things of value, we construe dishonest and criminal as synonymous." It is with this statement that we find ourselves in disagreement.

There is no question but that an employee can be disqualified for benefits if he was discharged because of a criminal act committed in connection with his work. But we cannot say that the Legislature intended that all dischargeable acts must amount to a violation of the criminal law. If such were the case, there would have been no need to add the word "dishonest." The word is defined in Webster's Third New International Dictionary as "characterized by lack of truth, honesty, probity or trustworthiness or by an inclination to mislead, lie, cheat or defraud."

There are many acts which constitute fraud that are actionable at both law and equity which do not amount to violations of the criminal law. An employee might be discharged under the statute for chronic or continual lying in connection with his work, but lying is not punishable under our criminal statutes. An employee could punch a fellow employee's time card and be dishonest, yet not a criminal.

We cannot agree that the Legislature intended that every time company property was found in the unauthorized possession of an employee, and there was proof that the possession was dishonest and unauthorized, the proof was to no avail unless it also was sufficient to support a conviction for larceny or embezzlement.

Here, the employee was discovered with a package of finished bond paper concealed in his clothing as he was leaving the plant. His explanation was not plausible and his conduct was in conflict with company rules. We think the facts as stated in the opinion of the Court of Appeals show that there was sufficient evidence to classify his action as a dishonest act committed in connection with his work. We do not construe "dishonest" and "criminal," as used in the statute, as synonymous, either generally or in connection with the unauthorized possession of company property

In Adams v. Thornton & Wellborn, 78 Ala. 489, Chief Justice Stone, writing for the court, said:

"Charge 5, properly interpreted, lays down the same measure, and requires the same fullness of proof, as is required to authorize a conviction of crime; for facts proven, which are not explicable on any other reasonable hypothesis than that of the guilt of the accused, will authorize a jury to convict of a criminal offense. This is not the correct rule in any civil case. Fraud requires no higher measure of proof for its establishment in any civil proceeding, than is required in many other cases, where the presumption of honesty, official uprightness, or kindred presumption, is to be overcome. The assailing party encounters the presumption of honesty and fair dealing; but it is a disputable presumption, the burden of overcoming which rests on him. When he produces facts and circumstances in evidence, which not only cast a suspicion on the transaction, but show a state of facts which are not fairly or reasonably reconcilable with fair dealing and honesty of purpose, then he has overcome the presumption of purity of intention, and is entitled to a judgment of condemnation. * * *"

It is established that in cases tried by the court without a jury, with the witnesses before him, the judgment must have the effect of a verdict of the jury, and will not be disturbed unless the preponderance of the evidence is so decided as to clearly convince the court that it was wrong and unjust. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496. The Court of Appeals did not have to follow that rule because it was of the opinion that the trial court took an erroneous view of the law as applied to the undisputed facts. See the Tomlinson case, supra, and cases there cited. But we think the trial court was correct and the Court of Appeals erred in applying the law to the undisputed facts.

The judgment is reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.