The Department of Industrial Relations appeals from an order of the trial court awarding unemployment compensation to claimant Coy Jaco. We affirm.
Claimant was employed by Lee Brothers, Phelps Dodge Brass Company of Anniston until July 9, 1975. Claimant had been absent from work twice without reporting his absence, had previously been suspended for absenteeism, and had been warned he would be discharged if he were absent again without reporting his absence. On July 9 his employment was terminated because he was late to work. *Page 376 
After his discharge claimant sought employment each week until he secured work on November 1, 1975. Claimant was without work for 16 weeks.
After an unsuccessful appeal to the Board of Appeals from the order of the Director of the Department of Industrial Relations denying compensation, claimant filed his appeal in Marshall County Circuit Court on October 1, 1975. The court, sitting without a jury, heard all the evidence on March 2, and on April 14 entered its order:
 "[T]hat Def. should have been penalized under T.26, S.314 C (3) [sic] and not under T.23, 314 C (2) [sic]
in that court finds his misconduct was not deliberate but as a result of negligence or carelessness, and that a penalty of 5 weeks is appropriate under all circumstances, it is therefore considered that claimant have and recover unemployment compensation benefits at rate of $90 per week for a period of 11 weeks or a total of $990. . . ."
From the context of his order and the nature of this case it is evident the trial judge based his decision on Subsections C (2) and C (3) of Title 26, Sec. 214, Code of Alabama (1940).
The Department of Industrial Relations appeals on three grounds: (1) Claimant was not willing, able and available for work; (2) Claimant's appeal did not adequately apprise the Department of his complaint so that it could prepare a defense; and (3) Claimant was disqualified under Sec. 214 B because he left work "voluntarily without good cause connected with such work."
Claimant-appellee has not filed a brief, but we have carefully considered all the evidence at the trial upon the theory that appellee is interested in having his judgment affirmed. Department of Industrial Relations v. Meeks,40 Ala. App. 231, 110 So.2d 643, and cases cited therein.
In regard to the Department's first ground of appeal, the only evidence before the trial court was the testimony of claimant that he had applied for employment after he was terminated. In fact, claimant was the only witness at the trial of this cause. Appellant had the opportunity to present evidence at that time to contradict or counter this testimony but failed to do so. All the evidence shows that claimant was available for work and thus eligible for benefits under Sec. 213 of Title 26.
In regard to the Department's second contention, we do not feel the trial judge erred in overruling the motion to dismiss.
The appeal to the circuit court of the decision of the Appeals Board authorized by Sec. 221 of Title 26 is to a trial de novo. Though the statute provides that the notice of appeal "shall state the grounds upon which review is sought," it appears to us that all that need be stated is that the decision of the Board is incorrect under the facts or the law. As appeal is to a trial de novo, there is not a review on appeal, but in fact, another trial. We perceive no reason for requiring presentation of particular errors or issues in the notice of appeal in such cases. Dismissal of appeal should not be granted for reasons of particularity in pleading. The motion to dismiss on such grounds was properly overruled.
The Department asserts its third ground for reversal for the first time on this appeal. It would require a very strained interpretation of these facts to hold that the discharge for absenteeism or tardiness was tantamount to voluntarily leaving employment without good cause under Sec. 214 B, although several jurisdictions follow such a rule. 58 A.L.R.3d 674, 690-95.
The Unemployment Compensation Act is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit. Therefore, it should be liberally construed in favor of the claimant and the disqualifications from benefits should be narrowly construed.Department of Industrial Relations v. Stone, 36 Ala. App. 16,53 So.2d 859; Holmes v. Cook, 45 Ala. App. 688, 236 So.2d 352. The claimant has the burden of proving he is eligible under Sec. 213 and not disqualified under Sec. 214. State Department *Page 377 of Industrial Relations v. Thomas, 55 Ala. App. 712,318 So.2d 739.
The provisions of Sec. 214 C with which we are concerned in this case disqualify an individual for unemployment compensation:
 "(2) If he was discharged from his most recent bona fide work for actual or threatened deliberate misconduct committed in connection with his work (other than acts mentioned in paragraph (1) of this subsection) after previous warnings to the individual. . . .
 "(3) If he was discharged from his most recent bona fide work for misconduct connected with his work (other than acts mentioned in paragraphs (1) and (2) of this subsection).
Prior to 1971 when the above provisions were enacted, No. 88, Sec. 7, [1971] Acts of Alabama 354, there was a provision similar to the current Subsection C (3):
 "2. For the week in which he has been discharged for misconduct connected with his work (other than acts mentioned in subsection (1) of this subdivision) . . ."
No. 290, Sec. 5 [1965 Regular Session] Acts of Alabama 559.
So far as we can determine, this is the first case appealed under Subsection C (3). And apparently only one case was appealed under the predecessor to that section. Department ofIndustrial Relations v. Rich, 42 Ala. App. 80, 152 So.2d 692.
In Rich, supra partial unemployment compensation was awarded to Rich, who had been discharged for misconduct under the predecessor to Sec. 214 C (3). The discharge was the result of an accident involving reckless driving of his ice cream truck. It seems unlikely that the changes enacted in 1971 were intended to change the result in that 1963 case and thereafter deny benefits in such situations. Under the facts and circumstances of this case claimant's misconduct does not merit a more severe penalty than was exacted against Rich.
When a case has been heard orally before the trial judge, his findings are clothed with a presumption of correctness unless plainly contrary to the weight of the evidence. Department ofIndustrial Relations v. Rich, supra; Zac Smith Stationery Co.v. Reynolds, 39 Ala. App. 389, 101 So.2d 573.
Construing the evidence most strongly in favor of claimant, the trial court determined that claimant was discharged for misconduct connected with his work under Sec. 214 C (3) and entitled to reduced benefits. (See 58 A.L.R.3d 674, 685-90 for jurisdictions holding tardiness or absenteeism without excuse or notice constitute willful misconduct within the meaning of their respective statutes.) Whether such misconduct was totally disqualifying under Sec. 214 C (1) or C (2) or was misconduct under C (3) was for the trier of fact according to the evidence. From the record before us, we cannot say that the finding of the trial court was clearly wrong. We therefore affirm the award of benefits to claimant.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.