WRIGHT, Presiding Judge.
. This is an unemployment compensation case.
The Appeals Referee found claimant disqualified by Section 25-4-78(3)b, Code of Alabama (1975). Claimant appealed for trial de novo to circuit court, which reversed the referee’s decision, finding claimant only partially disqualified by Section 25-4-78(3)c. The State appeals.
The issue is whether claimant is completely disqualified from compensation by Section 25 — 4-78(3)b or is only partially disqualified by Section 25-4-78(3)c. The relevant portions of the statute, providing such differing treatment with regard to disqualification, are as follows:
“b. If he was discharged from his most recent bona fide work for actual or threatened deliberate misconduct committed in connection with his work . after previous warnings to the individual.

“c. If he was discharged from his most recent bona fide work for misconduct connected with his work (other than acts mentioned in paragraphs a and b of this subdivision) . . . ”
*101 Claimant was fired for absenteeism. The evidence indicates he had worked for his employer seven years. He was considered a good worker. During the last few years a problem with alcohol resulted in an unsatisfactory attendance record. He began missing an average of one work day per week. He was given numerous warnings, oral and written, and had been suspended before being discharged. He eventually obtained other employment and at the time of trial his alcoholism problem had abated.
Since warnings had been given, the question is whether the trial court correctly found his conduct not to be “deliberate” as used in Section 25-4-78(3)b. A strikingly similar case is Department of Indus. Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App. 1976). The same question was presented to the trial court where the employee had been discharged for reporting late to work after previous warnings for absenteeism. The finding of no deliberate misconduct was affirmed by this court after comparing the case of Department of Indus. Relations v. Rich, 42 Ala.App. 80, 152 So.2d 692 (1963). See Department of Indus. Relations v. Smith, 360 So.2d 726 (1978).
As in Department of Indus. Relations v. Jaco, supra, the trial court has heard the case orally and his findings are clothed with a presumption of correctness unless plainly contrary to the evidence. Zac Smith Stationery Co. v. Reynolds, 39 Ala.App. 389, 101 So.2d 573 (1958). The finding that the misconduct was not deliberate is consonant with the evidence.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.