HOLMES, Judge.
This is an unemployment compensation case.
The sole issue on appeal is whether the claimant met her burden of proof regarding “availability for work.” § 25-4-77, Code of Ala.1975.
The Department of Industrial Relations contends the claimant did not meet the burden of proof; we disagree and affirm.
The only testimony regarding the claimant’s “availability for work” is her own and is as follows:
Q Have you sought other like employment in the area from the unemployment office?
A Yes, I have.
Q Are you ready to take a job?
A Yes, I am, have been since [Mrs. Ledbetter, the supervisor] gave my job away.
In Department of Ind. Relations v. Jaco, 337 So.2d 374, 376 (1976), this court, speaking through Presiding Judge Wright, stated the following:
The Department of Industrial Relations appeals on three grounds: (1) Claimant was not willing, able and available for work; .

*1120 In regard to the Department’s first ground of appeal, the only evidence before the trial court was the testimony of claimant that he had applied for employment after he was terminated. In fact, claimant was the only witness at the trial of this cause. Appellant had the opportunity to present evidence at that time to contradict or counter this testimony but failed to do so. .
The testimony and the reasonable inferences therefrom, as set out above, fall within the purview of Jaco, supra. This testimony was all the evidence the trial court had before it regarding “availability for work.” I believe the testimony, as indicated, is sufficient to require the Department to go forward and present evidence to “contradict or counter this testimony.” Put another way, the claimant has in this instance met the burden of proof as required by § 25-4-77, Code of Ala.1975, regarding availability for work.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., concurring.
BRADLEY, J., dissenting.