EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an unemployment compensation case.
After the court personally conducted the trial a judgment was rendered which denied the claimant, Mrs. Payne, the right to receive unemployment compensation. She appeals. We affirm.
The ore tenus rule applies. The trial court’s finding is clothed with a presumption of correctness unless it is clearly contrary to the great weight of the evidence. Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980). Since the testimony of the two witnesses conflicted, the judge was required to resolve the conflicts by choosing that evidence which he believed. Both sides are in accord that the dispositive issue before this court is whether there was evidence to sustain the judgment of the trial court.
The claimant was an employee of Associated Cleaning and Maintenance, Inc., who had a system and policy, which was known to the claimant, whereby employees checked into, and out of, their jobs by calling a certain telephone number which was connected to a recording device. Apparently, the employees would then give their names, the building in which they labored, whether they were commencing or concluding their night’s work and the time thereof. Their hourly pay was computed pursuant to the beginning and ending times reported by the employees and so recorded.
On two prior occasions, the claimant’s supervisor had previously warned her about leaving work early and/or not working the full amount of time as to which she reported and recorded by the telephone system. On June 21, 1979, he checked the recording around 10:45 P.M., and the claimant’s voice had been earlier recorded saying, “This is Mable Payne checking out [of] Building 300 at 1:00.”
At 9:30 P.M. on August 7, 1979, the supervisor could not locate the claimant at the building in which she was assigned for work. Around 10:00 P. M., he listened to the telephone recording device and her recorded voice stated that she had checked out of Building 300 at 1:00. This would normally have resulted in her wages being computed as ending at 1:00 o’clock, three and one-half hours, or more, after she had actually ceased work that night. He had previously orally warned her several times that she would be terminated if she continued to leave early. Her employment was terminated on August 8, 1979.
An employee is disqualified from receiving unemployment compensation if he (or she) is discharged by reason of a dishonest act committed in connection with his (or her) work. § 25-4-78(3)(a), Code of Alabama (1975). The word “dishonest” means “ ‘characterized by lack of truth, honesty, probity or trustworthiness or by an inclination to mislead, lie, cheat or defraud.’ ” Scott v. Scott Paper Company, 280 Ala. 486, 195 So.2d 540 (1967). The evidence supports a finding that the claimant cannot recover unemployment compensation because of her commission of such a dishonest act. The testimony of the supervisor places her conduct within such definition; hence, we must affirm.
Since the trial court could have decided that she was disqualified from receiving compensation upon that basis, we have not summarized any of the further evidence pertaining to, and we pretermit a decision upon, any other ground argued as justifying either a total or partial disqualification of the claimant from receiving such benefits.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.