EMBRY, Justice
(dissenting):
I respectfully dissent.
I do not agree that Landrum “voluntarily” abandoned his employment within the meaning of § 25-4-78(2). The question is not whether he voluntarily committed the act which led to his absence but whether he was absent from work voluntarily. It may be true that Landrum was at “fault” in failing to pay an accumulation of parking tickets, but he should not be found to have voluntarily abandoned his employment as a result of incarceration flowing from that violation of the law. When tested under the particular facts of this case, Landrum had “good cause” under the meaning of the statute for being absent from work.
*1365 The Unemployment Compensation Act is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit. Therefore, it should be liberally construed in favor of the claimant and the disqualifications from benefits should be narrowly construed. Department of Industrial Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App.1976).
I would grant the writ.