Larry Batain, an employee of Alabama Power Company (APCo), was terminated from his job after testing positive for marijuana use on more than one occasion.
When Mr. Batain first tested positive for drugs, he was made aware that he would be tested for drug use again and that if drugs were detected, he would be terminated from his position at APCo. Therefore, when Batain again tested positive for marijuana on May 19, 1987, he was terminated. This procedure was in accordance with APCo's rule prohibiting the use of drugs by its employees.
Subsequently, Batain filed for unemployment compensation and was found eligible for benefits by a claims examiner of the Department of Industrial Relations (DIR). APCo appealed that decision to an appeals referee, who affirmed the decision of the claims examiner. APCo appealed again — this time to the Board of Appeals, which reversed the decision of the appeals referee. Batain then appealed to the Circuit Court of Jefferson County.
Following a trial de novo, the circuit court denied Batain's request for unemployment compensation pursuant to §25-4-78(3)(b), Code 1975. That section provides that an employee shall be disqualified from receiving benefits "[i]f . . . discharged . . . for actual or threatened misconduct committed in connection with his work . . . repeated after previous warning to the individual." § 25-4-78(3)(b), Code 1975.
Batain appeals to this court, asserting that the violation of a company rule against drug use does not constitute misconduct in connection with work as required by § 25-4-78(3)(b), Code 1975, when the drug use has not been proven to occur on-the-job or to have affected the employee's job performance.
First, we note that in the case of Henley v. HousingAuthority for City of Montgomery, 403 So.2d 265
(Ala.Civ.App. 1981), this court quoted, with approval, the definition of "misconduct" found at 76 Am.Jur.2d 945, UnemploymentCompensation, § 52. That definition reads:
 " 'Thus, misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employers' interest or of the employee's duties and obligations to the employer. Moreover, a continuing recurrence of such violations over a period of time clearly establishes such a deliberate and wilful intent to disregard the rights of the employer as to constitute wilful misconduct within the meaning of such a statutory provision. . . .' "
403 So.2d at 270 (emphasis added).
Mr. Batain's repeated use of drugs, in violation of APCo's rules, clearly is a "deliberate violation of the employer's rules" within the definition of misconduct. Further, we note that the main purpose of unemployment compensation provisions is to provide and afford benefits for an unemployed person when his unemployment arises through no fault of his own.Department *Page 142 of Industrial Relations v. Stone, 36 Ala. App. 16, 53 So.2d 859
(1951). Mr. Batain's unemployment arose as a result of his disregard for a company policy against drug use. Thus, he cannot be said to have suffered unemployment through no fault of his own.
Although no previous cases in Alabama have considered whether off-duty drug use can constitute misconduct "connected with work," other jurisdictions have rejected the argument that off-duty conduct must render an employee unable to perform his job duties to disqualify him from unemployment compensation.
In a case strikingly similar to the case currently before this court, an employee of South Central Bell Telephone Company ("Bell") in Louisiana was discharged from his employment for possession of illegal drugs and then was denied unemployment compensation. The employee, like Mr. Batain, contended on appeal that although Bell had authority to terminate him, his misconduct was not related to employment, and, thus, that he should not be denied unemployment compensation.
In rejecting the employee's contention, the Louisiana Court of Appeal recognized that "there must be a relationship between the misconduct and the employment in order to deny a discharged employee unemployment benefits." South Central Bell TelephoneCo. v. Sumrall, 414 So.2d 876, 877 (La.Ct.App.), cert.denied, 420 So.2d 456 (La. 1982). However, the court went on to hold that a worker for a public utility is charged with serving the public and that, consequently, it is reasonable for the utility to promulgate a rule against drug possession and usage.Sumrall. The court concluded that in view of these facts the misconduct of the employee was connected to his employment.Sumrall.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.