L. CHARLES WRIGHT, Retired Appellate Judge.
Vanessa Searight was discharged from her job by her employer, the Jefferson County Commission. She filed a claim for unemployment compensation. Her claim was initially approved by a claims examiner. Jefferson County appealed the decision. A hearing was held before an appeals referee. The referee reversed the examiner’s decision and partially disqualified Searight from unemployment benefits under the provisions of § 25-4-78(3)(c), Code 1975, which provides for reduced benefits if the discharge is for misconduct connected with the job. Searight appealed the decision to the Board of Appeals. The Board disallowed the appeal. She appealed to the Circuit Court of Jefferson County.
Following oral proceedings, the trial court entered an order awarding partial benefits pursuant to § 25-4-78(3)(c). Sea-right appeals.
Searight was employed by Jefferson County as Chief of Budget Administration. Her responsibilities included recommending and implementing the budgetary policy of Jefferson County. She supervised three administrative analysts and an administrative secretary.
On August 12, 1991, Searight received a “notice of disciplinary action,” reflecting that she was to be terminated, effective August 13, 1991. The reason for termination given in the notice was as follows:
“Violation of Personnel Board Rule 6.2(h): In that during the preceding 11 months you have been unable and/or unwilling to perform your assigned duties in a competent and timely manner.”
Searight’s superiors and subordinates testified at the hearing concerning her work performance deficiencies. There was *405 testimony that Searight erroneously entered data into the data base on the main computer; that she failed to give sufficient instructions; that she did not plan her work adequately; that she had insufficient communication with employees; that she had an abrasive attitude; that she was not reliable; and that she failed to be present for two important budget hearings.
The Director of Finance testified that the impetus to terminate Searight’s employment came from her absences from budget hearings on July 30 and 31, 1991. He testified that Searight directly disobeyed orders of her superiors in not being present for the hearings and that she informed him on July 31, 1991, that she would be absent from work because she had to make arrangements for her great-aunt’s funeral. He testified that he informed her that such an excuse was not acceptable. She did not attend the budget hearings, but took personal leave to attend to her great-aunt’s funeral arrangements.
On appeal Searight asserts that the conduct for which she was discharged does not constitute “misconduct” for purposes of partial disqualification under § 25-4-78(3)(c). She specifically asserts that her absence on July 31, 1991, was not in violation of any of the employer’s rules.
Searight’s entire argument is focused on the absence of July 31, 1991. We find that her focus on this one instance is misplaced. Searight was terminated for failing to perform her assigned duties in a competent and timely manner. The absence of July 31, 1991, was just the impetus for the termination. The fact that the referee relied on that absence in making his recommendation in no way limits the trial court’s resolution of the matter, because the trial in circuit court was de novo. Department of Indus. Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App.1976).
When an unemployment compensation case is tried orally before the court sitting without a jury, the court’s findings are presumed correct and will not be reversed on appeal unless they are clearly contrary to the great weight of the evidence. Williams v. Department of Indus. Relations, 490 So.2d 1246 (Ala.Civ.App.1986). From our review of the record, we find that the evidence sustains the determination that Searight was discharged for misconduct connected with her job.
Searight insists that the variance in Jefferson County’s reasons for termination presents a due process issue for our review. Searight presents no authority to support her contention. We, therefore, do not address it. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
The trial court’s award of reduced benefits is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.