MOORE, Judge.
The Alabama Department of Industrial Relations (“the Department”) appeals from a judgment of the Jefferson Circuit Court awarding Anthony Williams unemployment-compensation benefits. We reverse.
On July 17, 2011, Williams filed a claim for unemployment-compensation -benefits with the Department; that claim was denied. Williams appealed that decision, and, following an ore tenus hearing, the Department’s administrative hearing officer issued a decision concluding that Williams was not entitled to receive unemployment-compensation benefits. The hearing officer found that Williams was “disqualified [from receiving unemployment-compensation benefits] under the provisions of Section 25-4-78(8)[a., Ala. Code 1975].”
Williams sought leave to appeal the decision of the hearing officer to the State Board of Appeals for the Department, which denied Williams’s application for leave to appeal. Pursuant to § 25-4-95, Ala.Code 1975, Williams then appealed to the Jefferson Circuit Court (“the trial court”) for a trial de novo. The Department filed an answer, denying that Williams was eligible to receive unemployment-compensation benefits.
Following a bench trial, the trial court entered a judgment in favor of Williams, setting forth its findings of fact and conclusions of law. That judgment stated:
“Under the authority of Alabama Code (1975) § 25-4-95, the Court heard this unemployment compensation appeal at a bench trial on March 19, 2012. This case comes before the Court as the result of an appeal filed by the former Wal-Mart employee, Anthony Williams, from a decision of the State , of Alabama Board of Appeals for the Department of Industrial Relations mailed on August 28, 2011, Case Number 17525-AT-ll.
“The Court has reviewed the pleadings, the exhibits which were introduced at trial, and has considered and weighed *659 the testimony of the witnesses. The Court has also reviewed the file, along with a DVD, which has been filed with the Court by the State of Alabama Department of Industrial Relations.
“The facts are that Anthony Williams worked for Wal-Mart from May 12, 2009, until he was discharged on July 12, 2011. He was hired as an associate in the Deli where he did food preparation and served customers. There is an employees’ handbook or a company policy regarding grounds for discharge, but it appears that Williams was an employee at will.
“The facts about what happened are really not in dispute. Williams signed an admission on the date of his discharge, in which he admitted to doing the acts which resulted in his discharge. At trial he attempted to disclaim the admissions and said that he made the statement only because he thought Wal-Mart would give him another chance. The Court believes that his admissions [were] true.
“On July 12, 2011, Mr. Williams put a small amount of potato salad and a small amount of coleslaw into one or two containers. He then put the package(s) on a scale and printed out labels . which showed the weight, the price per pound and the total price for the food that was in the containers. The potato salad weighed .17 of a pound at $2.28 per pound for a total price of $.39. The price for the coleslaw was $.23. Williams then went back to the counter and added more potato salad and coleslaw to the containers. He then placed the containers in the cooler and when he was ready to go to lunch, he had another employee hand him the containers. He went to the electronics department -where he checked out, paying the amount which was on the printed label, a total of $.68. He then went to eat his lunch. The testimony was that if he had weighed each full container after he added the additional food, they would have been priced at $1.70 each. Wal-Mart’s records show that the price should have been $3.51, not the $.6[8] he paid.[1] The incident came to management’s attention because the amount of Williamsfs] purchase was extraordinarily low. There were video recordings which support Wal-Mart’s charges.
“For this he was fired from his job. The reason for his discharge was ‘gross misconduct-integrity issue.’ Wal-Mart says that since it was a matter of ‘integrity,’ Williams is guilty of such misconduct as to be disqualified for unemployment compensation benefits.
“In the Wal-Mart’s ‘Coaching for Improvement Policy,’ it is stated, ‘If you receive a coaching and your job performance or conduct remains unacceptable we will terminate your employment.’ As far as the evidence shows, Williams received no coaching.
“The Policy further states, ‘Additionally if your unacceptable conduct is found to be serious, this may result in your immediate termination.... ’ Apparently, Wal-Mart thought that taking a small amount of food without paying the full price was ‘serious’ enough to fire Mr. Williams. They had the right under Alabama employment law to terminate his employment for a good reason, a bad reason or no reason at all. Salter v. Alfa Ins. Co., 561 So.2d 1050 (Ala.1990).
“ ‘By now, the rule is well settled in Alabama that an employee contract at *660 will may be terminated by either party with or without cause or justification. See, e.g., Meeks v. Opp Cotton Mills, Inc., 459 So.2d 814 (Ala.1984); Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala.1977). This means a good reason, a wrong reason, or no reason. Hinrichs, supra.’
“After his discharge, Mr. Williams applied for unemployment-compensation benefits which Wal-Mart denied on the basis of employee misconduct. He is still unemployed and looking for work. Wal-Mart contends that Mr. Williams is disqualified under Ala.Code (1975), § 25-4-78(3)[b.], which provides that a claimant is disqualified for benefits if he was discharged for repeated misconduct committed in connection with work after previous warnings.
“The Alabama Unemployment Compensation statute provides benefits in the nature of insurance for the worker whose unemployment was not brought about by his own voluntary actions. Under the statute, Ala.Code (1975), § 25-4-78(3)[b.], any potential benefits will be disqualified by ‘misconduct’ on the part of the worker, including ‘a disregard of standards of behavior which the employer has the right to expect of his employee’ or recurrent negligence that ‘show[s] an intentional and substantial disregard of the employers’ interest or of the employee’s duties and obligations to the employer,’ Batain v. State Dep’t of Indus. Relations, 606 So.2d 140, 141 (Ala.Civ.App.1992).
“The worker is disqualified if he is discharged ‘for actual or threatened misconduct committed in connection with his work ... repeated after previous warning to the individual.’
“Here there was no evidence presented that Williams had been warned of any such misconduct or that his conduct was ‘repeated.’
“ ‘It appears from the use of the specific word “repeated” that the Legislature intended that the “misconduct,” which totally disqualifies an employee must have previously occurred and then have been “repeated” after a warning. In other words, the claimant-employee is not totally disqualified until there has been a second act of misconduct or threatened misconduct for which there has been a previous warning.’
“Jones v. Brown & Root, 607 So.2d 258 (Ala.Civ.App.1992) ....
“The burden of proof is upon the employer, Wal-Mart, to prove that Williams is disqualified from receiving benefits. Ex parte Rogers, 68 So.3d 773 (Ala.2010).
“ ‘Based on the foregoing, we conclude that the circuit court and the Court of Civil Appeals erred in imposing on the claimant the burden of disproving his disqualification from unemployment compensation on the basis of misconduct. We hold that the employer has the burden of proving that the employee is disqualified for reasons of misconduct, and we overrule prior cases, including [Wal-Mart Stores, Inc. v.] Hepp, [882 So.2d 329 (Ala.2003),] [Wal-Mart Stores, Inc. v.] Smitherman, [743 So.2d 442 (Ala.1999),] and [Department of Industrial Relations v.] Jaco, [337 So.2d 374 (Ala.Civ.App.1976),] to the extent that they are inconsistent with this opinion.’
“Upon consideration of the evidence and the law, the Court concludes that Williams’s conduct was not ‘repeated.’ While there was some indication that it had happened previously, there is no evidence that he received a warning. In sum, the Court concludes that Williams’s conduct was not of the serious nature which the statute had in mind when it created this disqualification. The Court *661 believes that being fired for this trivial offense, taking an extra spoonful of potato salad, is more than adequate punishment for any wrongdoing.
“It is therefore Ordered, Adjudged and Declared that Anthony Williams is entitled to unemployment compensation from his former employer, Wal-Mart. The evidence shows that the conduct for which his employment was terminated does not rise to the level of disqualification under Ala.Code (1975), § 25-4-73(S)[b.]. Final Judgment is hereby entered in favor of the plaintiff, Anthony Williams, and against the [Department]. Costs are taxed to the employer, Wal-Mart.”
The Department filed a motion to alter, amend, or vacate the judgment, which the trial court denied on April 23, 2012. The Department filed its notice of appeal to this court on June 1, 2012.
On appeal, the Department argues that the trial court erred in applying only § 25-4-78(3)b., Ala.Code 1975, which disqualifies an employee from receiving benefits only if the employee’s actual or threatened misconduct is “repeated after previous warning to the individual.” The Department argues that the trial court should have considered § 25-4-78(3)a., Ala.Code 1975, which disqualifies an employee if “a dishonest or criminal act [is] committed in connection with his work” regardless of whether the act was repeated after previous warning.[2] “This court reviews the application of law to facts de novo.” City of Prattville v. Post, 831 So.2d 622, 628 (Ala.Civ.App.2002).[3]
In Scott v. Scott Paper Co., 280 Ala. 486, 488, 195 So.2d 540, 541 (1967), an “employee was discovered with a package of finished bond paper concealed in his clothing as he was leaving [the Scott Paper Co.] plant” at which he was employed. The supreme court noted that the employee’s “explanation [for his conduct] was not plausible and his conduct was in conflict with company rules.” Id. The supreme court found that the employee’s action to be “a dishonest act committed in connection with his work” so as to disqualify him from receiving unemployment-compensation benefits. Id. Similarly, in the present case, the trial court found that Williams did, in fact, commit the dishonest act of paying less than the full price for food purchased from the Wal-Mart deli. Applying § 25-4-78(3)a. to the findings of fact set forth in the trial court’s judgment, we conclude that Williams was disqualified from receiving unemployment-compensation benefits. Therefore, we reverse the trial court’s judgment, and we remand this cause for the entry of a judgment declaring the employee to be disqualified from receiving unemployment-compensation benefits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.'

. It appears from, the record that the $.68 figure is based on the items when, tax is added. The record reflects that the actual cost of the potato salad and cole slaw should have been $1.71 and $1.80, respectively.

. The Department also made this argument in its postjudgment motion.

. Although the transcript of the hearing is not in the record on appeal, it is not necessary for our review because we are considering only the application of the law to the facts as found by the trial court. See Williams v. Hobson, 5 So.3d 630, 633 (Ala.Civ.App.2008) ("[W]e have properly held that ‘[a]n appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issue presented for review,’ such as when the question presented 'is one of law, not fact.’ ” (quoting Douglass v. Allen, 574 So.2d 39, 41 (Ala.Civ.App.1990))).