HOLMES, Judge.
This is an unemployment compensation case.
The employee was denied benefits at each administrative level. She then appealed to the Circuit Court of Mobile County. An ore tenus hearing was held and thereafter the circuit court denied the employee’s claim for benefits. The apparent basis for the trial court’s action was that the employee *1148 was disqualified for benefits in that she left her employment voluntarily without good cause. See § 25-4-78, Code of Ala.1975.
No useful purpose would be served by a detailed recitation of the evidence. Suffice it to say that the employee resigned her employment. She testified she had good cause for resigning because certain promises made to her by the employer regarding raises and other benefits were not fulfilled by the employer. The employer, by competent evidence, denied that unfulfilled promises were made to the employee.
Clearly, as seen from the above, there is evidence to support the trial court’s conclusion that the employee voluntarily left her employment without good cause. Put another way, there is evidence that the employee simply left or resigned her employment through no fault of the employer.
A judgment rendered after an ore tenus hearing will not be overturned on appeal unless the preponderance of the evidence is so great as to convince the appellate court that the judgment is wrong and unjust. 2A Ala. Digest Appeal & Error @=> 1008.1(2), 1012(3). See also, Ventress v. Batey, Ala.Civ.App., 333 So.2d 584 (1976). In this instance, we are not so convinced.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.