This is an unemployment compensation case.
After denial of her claim for benefits by the Appeals Referee and the Board of Appeals, claimant appealed to the Jefferson County Circuit Court pursuant to § 25-4-95, Code of Alabama 1975. After a de novo hearing, the circuit court denied benefits and the claimant appealed to this court. We affirm.
The claimant was discharged from her employment as a nursing assistant, pursuant to § 25-4-78 (3)(b), for sleeping on the job after previous warnings. She was denied unemployment compensation benefits under that section.
The evidence at trial showed that claimant was found sleeping while at work on three different occasions within a seven-month period beginning in July 1977. Claimant knew that it was hospital policy not to sleep on the job and was made aware, after the second incident, that if caught again she would be terminated. The evidence against the claimant was in the form of testimony from the Director of Nursing Services at the hospital and exhibits introduced by way of that testimony. These exhibits were written reports of the claimant's sleeping on the job which were made by her superiors in the normal course of the hospital's business. The claimant testified on her own behalf, stating that she was not actually sleeping at the time of the first incident but was only "nodding," and that she had no knowledge of the third incident. Claimant admitted the second incident. This testimony and the accompanying exhibits were essentially all the relevant evidence at the trial.
On appeal the claimant is arguing, as we understand her brief, that the court should have given less weight to the written reports of her misconduct in sleeping on the job than to her denial, and thus found in her favor. This argument is not well taken. There is no dispute that these reports were admissible and, indeed, were not objected to when offered at trial. Rule 44, ARCP. When evidence is before the court sitting as the trier of fact, it is for the court to determine the weight of and inferences to be drawn from it. 18A Ala.Dig.,Trial, Key No. 382.
The ore tenus rule applies. When an unemployment compensation case is heard orally before the court sitting without a jury, the court's findings are presumed correct unless shown to be clearly *Page 301 
contrary to the great weight of the evidence. Davis v.Prestwood, 381 So.2d 85 (Ala.Civ.App. 1980).
There was conflicting evidence. The judge was free to choose which he would believe. It was his duty to resolve the conflicts. Gann and Lewis Roofing Co., Inc. v. Sohol,359 So.2d 815 (Ala.Civ.App. 1978); Lowe's of Dothan, Inc. v. Acme DrywallCo., 341 So.2d 166 (Ala.Civ.App. 1976).
The court found the claimant was properly terminated after warning. We cannot say the great weight of the evidence was contrary to such finding. We therefore affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.