WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Claimant’s employment was terminated and he applied for benefits under our unemployment compensation law. The claims examiner awarded benefits subject to six weeks disqualification for misconduct leading to discharge per § 25-4-78(3)c, Code of Alabama (1975). The employer appealed and the appeals referee found claimant to be totally disqualified from benefits. The Board of Appeals affirmed and claimant appealed to the circuit court pursuant to § 25 — 4—95.
After trial de novo in the circuit court, claimant was again denied benefits, the court finding that “plaintiff has failed to carry the burden of proof regarding his claim.” Claimant appeals from the denial of benefits. We affirm.
The ore tenus rule is applicable. When an unemployment compensation case is heard orally before the court sitting without a jury, the court’s findings are presumed correct and will not be reversed on appeal unless clearly contrary to the great weight of the evidence. Davis v. Prestwood, 381 So.2d 85 (Ala.Civ.App.1980).
The evidence at trial showed that the claimant was employed at Southern Slag Products, Inc. and had been operating a “snap-tie head machine” there for about seven years. On October 1,1979, the claimant complained to his supervisor that his hand was sore and requested that he be allowed to perform a job other than running this machine. Supervisor took claimant off the machine and placed him on an easier job, normally paying less, at the same hourly, wage he had been receiving while operating the machine.
Claimant worked at the easier job for two weeks. During this period the supervisor daily asked claimant about his sore hand and each time claimant replied it was “better.” Claimant sought no medical aid. On a Thursday morning the supervisor again asked claimant about the hand and was informed that it would be well by Monday.
The next Monday, October 15, upon the supervisor’s inquiry, claimant reported that his hand was “okay.” Supervisor then directed claimant to return to his regular job of running the machine. Claimant refused, making no complaint about his hand but responding that he was not going to run the machine anymore because it gave him a headache. Supervisor, having no other employee on duty at that time capable of operating the machine, offered, if claimant would run the machine that day, to make other arrangements so claimant wouldn’t have to run it anymore. Claimant refused again and was told that if he wouldn’t run the machine he could go home. Claimant went to wash up and the supervisor reported the situation to his superior. When claimant returned from the washroom, he was warned that he would be fired upon further refusal to return to his regular job operating the machine. Claimant made no attempt to operate the machine. Instead, again refusing to do so, he was discharged. Claimant testified on his own behalf that the reason he refused to run the machine on the day in question was because his hand was still sore and he felt he couldn’t run it. He further stated that he “probably” told the supervisor he had a headache; that he told his supervisor his hand was “better” on regular inquiry; that he stated his hand was “getting a little better” (though not “okay”) on the day he was fired. He admitted that he made no attempt to run the machine on that day.
The trial court found claimant to be totally disqualified from benefits. The dis-positive issue on appeal is whether the trial court’s judgment is supported by the evidence. See, Ventress v. Batey, 333 So.2d 584 (Ala.Civ.App.1976).
Claimant points out that the trial court’s order, finding “plaintiff has failed to carry the burden of proof regarding his claim,” does not indicate under which particular disqualifying provision he was de *1324 nied benefits. From the nature of the case, the record before us and the arguments of the parties, it is evident the trial court found claimant totally disqualified under one of the following: § 25-4-78(2) (voluntary departure from work without good cause), or § 25-4-78(3)b (discharge for misconduct after previous warning). If there was evidence to support a finding of disqualification under either of the disqualifying statutes, it is sufficient. City of Montgomery v. Couturier, 373 So.2d 625 (Ala. 1979). We consider the evidence supports disqualification under § 25-4-78(3)b.
Claimant’s argument that the evidence does not justify the judgment, as we understood it, is directed to the weight of the evidence. The evidence, the testimony of the claimant and supervisor, was conflicting. The trial court had the duty to resolve the conflicts and determine the weight and inferences to be drawn from the evidence. Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980). This it did.
Claimant also argues he should not be totally disqualified under § 25-4-78(3)b, but could only be partially disqualified under § 25-4-78(3)c, because of lack of previous warnings prior to his discharge. The evidence indicates claimant was warned at least once, and possibly twice, that he would be fired if he did not obey the supervisor’s directive to operate the machine. Whether claimant should be totally disqualified under (3)b or partially disqualified under (3)c was for the trier of fact according to the evidence. Department of Industrial Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App. 1976). The evidence is supportive of warnings prior to discharge.
Finding no error in the judgment of the trial court, that judgment is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.