This is an unemployment compensation case.
The Appeals Referee and Board of Appeals found claimants totally disqualified from compensation by Section 25-4-78 (3)b, Code (1975) for recurrent tardiness after repeated warnings. On appeal for trial de novo to circuit court, claimants' claims were consolidated for trial. The court, sitting without a jury, heard all the evidence and on November 18, 1980, reversed the referee's decision, finding no deliberate misconduct, and awarded full benefits to both claimants. On March 23, 1981, on motion by the Department of Industrial Relations and Pony Express, defendants, the court vacated its previous order. In affirming the decision of the Board of Appeals, the *Page 36 
circuit court expressly found no "deliberate" misconduct, but held that misconduct standing alone fell within the ambit of §25-4-78 (3)b, Code (1975). Claimants appeal.
Michael R. McClain and Melvin Ray McClain, claimants, were employed by Pony Express. Claimants had been late for work on several occasions prior to their termination and had received numerous oral and written notices and warnings of possible termination. Claimants received a warning on August 23, 1979, for their tardiness and their employment was terminated the next day, August 24, 1979, when they were again late for work. Claimants testified that they had set three alarm clocks the previous night but due possibly to a power outage, the clocks were one hour behind and claimants were one hour late to work as a result.
Relevant portions of § 25-4-78 (3), Code (1975) provide for disqualification as follows:
 b. If he was discharged from his most recent bona fide work for actual or threatened deliberate misconduct committed in connection with his work . . . after previous warnings to the individual. [Providing for complete disqualification.]
 c. If he was discharged from his most recent bona fide work for misconduct connected with his work (other than acts mentioned in paragraphs a and b of this subdivision.) [Providing for partial disqualification.]
The first question presented is whether misconduct must be "deliberate" to require total disqualification under § 25-4-78
(3)b. It is well settled in Alabama that the Unemployment Compensation Act is in the nature of insurance for the unemployed worker, a remedial measure for his benefit. Therefore, it should be liberally construed in claimant's favor, and disqualifications from benefits should be narrowly construed. Department of Industrial Relations v. Smith,360 So.2d 726 (Ala.Civ.App.), cert. denied, 360 So.2d 728 (Ala. 1978); Department of Industrial Relations v. Jaco,337 So.2d 374 (Ala.Civ.App. 1976). Although the question has apparently never been squarely answered, opinions of this court reflect an assumption that § 25-4-78 (3)b applies only to "deliberate" misconduct. See, Henley v. Housing Authority of Montgomery,403 So.2d 265 (Ala.Civ.App. 1981); Department of IndustrialRelations v. Baldwin, 363 So.2d 100 (Ala.Civ.App.), cert.denied, 363 So.2d 101 (Ala. 1978); Department of IndustrialRelations v. Jaco, supra. Furthermore, the use of the term "misconduct," absent modifying words in § 25-4-78 (3)c, indicates legislative intent that "deliberate misconduct" and "misconduct" are two separate and distinct categories of employee behavior, authorizing either total disqualification or partial disqualification respectively.
In his order of March 23, 1981, the trial judge found as a matter of fact that "[I]f misconduct to be a disqualifying factor must be deliberate misconduct, then this Court would be hard pressed to find that it could be said that a failure to wake up and come out of a semi-conscious state when one is asleep, could ever be held to be deliberate misconduct." Theore tenus rule applies. When a case is heard orally before the court sitting without a jury, the court's findings are presumed correct unless plainly contrary to the weight of the evidence.Steele v. Carter, 390 So.2d 299 (Ala.Civ.App. 1980); Davis v.Prestwood, 381 So.2d 85 (Ala.Civ.App. 1980). Whether the misconduct of claimants was deliberate or not was for the trier of fact according to the evidence. From the record before us, we cannot say that the finding of no deliberate misconduct was clearly wrong. We do not hold that continued failure to awake and report to work on time may not be determined to be "deliberate misconduct" under the statute.
After finding that claimants' actions constituted "misconduct" and not "deliberate misconduct" the trial court erred in applying § 25-4-78 (3)b, which requires "deliberate misconduct" and results in a total disqualification from benefits. It is our judgment that the judgment below should be reversed insofar as it directs total disqualification, and remanded for application *Page 37 
of § 25-4-78 (3)c to determine the partial disqualification from benefits for "misconduct."
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.