This is an unemployment compensation case.
Claimant, Timothy Williams, was employed as a forklift driver by Diversified Products of Opelika, Alabama. In July 1982 Williams ran his forklift into some scales. Shortly thereafter he was fired. Williams then applied for unemployment benefits. The request was denied by the Department of Industrial Relations, and Williams's administrative appeals were overruled. He then appealed to the Circuit Court of Lee County for a de novo hearing. § 25-4-95, Code 1975.
After the hearing the circuit court entered judgment holding Williams was discharged from his employment for misconduct after warning and was, thus, disqualified from receiving unemployment benefits. § 25-4-78 (3)(b), Code 1975, as amended. Claimant appeals.
Claimant argues here that his forklift accident was not an act of "misconduct" within the meaning of section 25-4-78
(3)(b), which would disqualify him from receiving any benefits.
Section 25-4-78 (3)(b), Code 1975, presently provides, in pertinent part, as follows:
 "An individual shall be disqualified for total or partial unemployment:
". . . .
"(3) Discharge for misconduct.
". . . .
 "b. If he was discharged from his most recent bona fide work for actual or threatened misconduct
committed in connection with his work . . . repeated after previous warning to the individual." (Emphasis added.)
In 1982 subsection (3)(b) was amended to delete the word "deliberate" from the phrase "actual or threatened deliberate misconduct." Now an employee who has been terminated for misconduct after warning loses all unemployment benefits. It is only when an employee is terminated for misconduct without warning that he is entitled *Page 633 
to partial benefits. § 25-4-78 (3)(c), Code 1975.
It is for the trial court, after considering all the evidence in a case, to determine whether a claimant is totally disqualified from receiving benefits under (3)(b) or partially disqualified from receiving benefits under (3)(c). Payne v.Director of the Department of Industrial Relations,405 So.2d 1322 (Ala.Civ.App.), cert. denied, 405 So.2d 1324 (Ala. 1981). Once such a decision is made, the trial court's findings are presumed correct and will not be set aside unless plainly contrary to the great weight of the evidence. Steele v. Carter,390 So.2d 299 (Ala.Civ.App. 1980).
In the instant case the trial court found that claimant was totally disqualified from receiving any benefits under (3)(b).
The evidence in support of such a finding shows that claimant was discharged after running his forklift into some scales, resulting in considerable damage to the scales.
Claimant contends that such an occurrence, i.e. damaging the scales with the forklift, is not misconduct within the meaning of section 25-4-78 (3)(b), and thus he should not be disqualified from receiving benefits.
Defendants contend that claimant's discharge did not occur solely because of the forklift incident, but that it resulted from a steady deterioration of his overall job performance, of which the forklift incident was the last straw.
From 1979 to 1982 claimant had been a good worker. Beginning in the early part of 1982, his job performance began to dwindle. He received several oral and written warnings about being late to work and leaving work early. Claimant had about twenty-eight instances of lateness for work in 1981. In May 1982 he received another warning about being late for work and also a reprimand for four job-related errors. Claimant failed to deliver the proper sizes of pipe to the paint shop.
Claimant was advised by his supervisor that unless his overall job performance improved, further disciplinary action would be taken against him. In July 1982 claimant severely damaged some scales when the forklift he was operating in an area with which he was thoroughly familiar struck the scales.
The continued failure of an employee to perform his job in a manner which previous performance indicates is contrary to his experience and ability may be found to be misconduct under section 25-4-78 (3)(b), Code 1975. See Sheink v. MaineDepartment of Manpower Affairs, 423 A.2d 519 (Me. 1980);Kosmalski v. Commonwealth Unemployment Compensation Board ofReview, 40 Pa. Commw. 527, 397 A.2d 875 (1979); Fitzgerald v.Globe-Union, Inc., 35 Wis.2d 332, 151 N.W.2d 136 (1967).
As noted above the evidence shows that claimant was warned several times about his poor job performance and advised that if it did not improve further action would be taken against him. The forklift incident occurred after this warning. Moreover, there is evidence in the record from which the trial court could have concluded that the damage to the scales resulted from the reckless operation of the forklift by the claimant.
Whether claimant's discharge was due to misconduct with warning pursuant to section 25-4-78 (3)(b) was a fact to be found by the trial court according to the evidence. Based on the evidence in the record, a portion of which is set out above, we cannot say that the finding of the trial court is clearly wrong. We therefore affirm the denial of benefits to claimant.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 634