BRADLEY, Judge.
This is an unemployment compensation case.
Claimant, Clarence Fuller, was employed as a draw frame attendant by Adelaide Mills of Anniston, Alabama. On October 18, 1979 he was discharged from his job, but the discharge was rescinded and Fuller was suspended from his job for one week without pay. In May 1982 Fuller operated improperly a machine under his supervision. Shortly thereafter he was fired. He then applied for unemployment benefits. The Department of Industrial Relations denied the request and Fuller’s administrative appeals were overruled. He appealed to the Circuit Court of Calhoun County for a de novo hearing. § 25-4-95, Code 1975.
The circuit court heard the matter and entered judgment holding Fuller was discharged from his employment for misconduct after warning and was, thus, disqualified from receiving unemployment benefits. § 25-4-78(3)(b), Code 1975, as amended. Claimant appeals.
Claimant argues on appeal that he was discharged in 1979 from his employment *926 and this discharge could not constitute a “previous warning” within the meaning of § 25-4-78(3)(b) so as to disqualify him from receiving unemployment benefits and that even if it could, it was too remote in time and did not relate to the same misconduct resulting in his second termination from employment.
The 1982 amendment to section 25-4-78(3)(b), Code 1975, provides in pertinent part:
“An individual shall be disqualified for total or partial unemployment:
[[Image here]]
“(3) Discharge for misconduct.
[[Image here]]
“b. If he was discharged from his most recent bona fide work for actual or threatened misconduct ... repeated after previous warning to the individual.” (Emphasis added.)
Now an employee who has been terminated for misconduct repeated after warning loses all unemployment benefits. If, however, he is terminated for misconduct without warning, he is entitled to partial benefits. § 25-4-78(3)(c), Code 1975.
The trial court hears the testimony and considers the evidence in a disqualification of benefits case. It is for the trial court to decide whether a claimant is totally or partially disqualified from receiving benefits. Payne v. Director of the Department of Industrial Relations, 405 So.2d 1322 (Ala.Civ.App.), cert. denied, 405 So.2d 1324 (Ala.1981). The trial court’s decision is presumed correct and will not be set aside unless plainly contrary to the great weight of the evidence. Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980).
In the case sub judice the trial court found that claimant was totally disqualified from receiving any benefits under 3(b); we hold that the evidence supports such a finding.
In 1976 or 1977 claimant was hired as a can hauler; he removed cans of yarn made in the work area. Claimant was later promoted to draw frame attendant. His job was to keep the yarn machines clean and operating properly and to make sure the cans were always full of yarn.
In October 1979 claimant was suspended for one week from this position. The notice given claimant stated:
“Blocking off knock off [a device that detects imperfection in yarn and shuts the machine off when an irregular thickness of yarn passes through] on drawing causing singling on drawing resulting in defective] work.”
Claimant’s conduct was a violation of company policy and written rules, of which every employee had previously been given notice. He was returned , to his original position as can hauler but occasionally operated the draw frames.
After a period of two years, claimant again was promoted to the position of draw frame attendant. During this period all employees, including claimant, received warnings at training classes and employee meetings that under no circumstances were the machines to be operated with the knockoffs in the wrong position. Running the machines improperly would result in an employee’s termination. The employees were also told that if a problem arose with their machine they were to stop the machine and call for a supervisor.
On May 12, 1982, after just three days on the job as draw frame attendant, claimant failed to lower some rollers on a machine he was fixing. He was caught by his supervisor and was fired the next day. The notice of termination stated:
“Employee discharged due to defective work. He was running a draw frame with the knock-offs blocked off. The knock-offs determine the quality of the work the machine does. Employee has been warned concerning this.”
Claimant was discharged for misconduct “repeated after previous warning,” i.e. blocking off knockoffs on the machine he was operating. Claimant had received several warnings about the proper operation of the yarn machines and the consequences of the failure to so operate the machines prior to his termination. The company *927 stressed the importance of a smooth operation in the mill. If the machines were not running properly, the company could not deliver a quality product and would lose money.
Claimant contends he was warned only about the knockoffs and was never warned about the rollers. Yet, he was fired for failing to lower the rollers.
Defendants contend the rollers and knockoffs are all part of one system and a warning as to knockoffs is a warning as to rollers. We agree.
The record indicates claimant worked for defendant for a period of approximately six years. Claimant knew how important it was that the machine operate correctly. If there was a problem with a machine, claimant was told to seek help, not to attempt to fix the machine himself. The evidence is clear that one of the machines malfunctioned and claimant tried to fix it himself. He did not call a supervisor as he was told. Then he failed to lower the rollers on the machine. For two minutes, a defective product rolled out of the machine until claimant’s mistake was discovered. Defendant lost profits as a result of claimant’s failure to properly do his job.
The trial court had more than sufficient evidence to find claimant disqualified for misconduct connected with work after previous warning. Based on the evidence in the record, we cannot say that this finding is clearly wrong. Therefore, we affirm the denial of benefits to claimant.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.