This is an appeal from a denial of unemployment compensation benefits to claimant, Mattie Watkins.
Claimant was employed as a cook by Montgomery Days Inn for approximately six months, during which time she usually worked a shift from 10:00 P.M. to 6:00 A.M. five nights a week. On December 15, 1982, Judy Martin, manager of Days Inn, called claimant and asked her to work Saturday and Sunday from 2:00 P.M. until 10:00 P.M. to cover for another cook. On Saturday, December 18, 1982, claimant reported to work. About twenty minutes later another cook, Linda Smith, reported to work to fill the 2:00 P.M. to 10:00 P.M. shift. Since only one cook was needed, Ms. Smith phoned the manager at home and was told to tell claimant to return home until time for the 10:00 P.M. shift to begin. Claimant then telephoned the manager at home. The substance of that conversation was squarely in dispute at trial. *Page 24 
Claimant insists that she did not quit just because she called to complain about the schedule mix-up. The manager denies that claimant was discharged in the course of that conversation. The manager contends that claimant's use of profanity, statement that she was not coming back and suggestion of what the manager could do with her job, combined with claimant's failure to show up for the 10:00 P.M. shift that night, led her to believe claimant had quit her job. Claimant testified she did not quit but that she believed herself fired because, after not returning to work on Saturday or Sunday, she called the desk on Monday and someone told her she had been discharged. On Monday, the manager noted on claimant's file that she had been terminated but denied instructing anyone that claimant had been discharged.
Claimant applied to the Alabama Department of Industrial Relations (DIR) for unemployment compensation benefits. DIR denied her request after a determination that she had voluntarily quit work without good cause related to work pursuant to § 25-4-78 (2), Code of Alabama 1975.
Having exhausted DIR's administrative remedies, claimant filed suit in the Circuit Court of Montgomery County. After a trial de novo the court determined that claimant was ineligible for any benefits. Following the trial court's denial of claimant's post trial motions, claimant appealed to this court.
At the outset we note that the ore tenus rule applies in the case at bar. When an unemployment compensation case is heard orally before a trial court sitting without a jury, the court's findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence. Steele v. Carter,390 So.2d 299 (Ala.Civ.App. 1980). In the present case conflicting evidence was presented concerning the telephone call and whether claimant quit or was fired from her job. The trial judge was free to choose which evidence he believed and it was his responsibility to resolve the conflicts. Gann andLewis Roofing Co. v. Sohol, 359 So.2d 815 (Ala.Civ.App. 1978);Lowe's of Dothan, Inc., v. Acme Drywall Co., 341 So.2d 166
(Ala.Civ.App. 1976). The trial court determined that claimant was not entitled to unemployment compensation and from our perusal of the record we cannot say that the great weight of the evidence was contrary to such a determination.
Claimant, however argues in brief that the court erred as a matter of law "in implicitly finding that [claimant] could be `assumed' to have quit her job by not showing up for the midnight shift," because there was no evidence whatsoever that she actually quit her job. Whether claimant should be disqualified for benefits under § 25-4-78 (2) is for the trier of fact to determine according to the evidence. See, Payne v.Director of Department of Industrial Relations, 405 So.2d 1322
(Ala.Civ.App.), cert. denied, 405 So.2d 1324 (Ala. 1981). Again our review of the record indicates that evidence exists to support the court's determination that claimant is ineligible for unemployment compensation. There is evidence tending to show that claimant, angered over the schedule mix-up, failed to show up for work as directed and that the manager had not discharged her until after she failed to show up for two consecutive shifts. In short, there is evidence in the record to support the trial court's decision, therefore we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 25