This is an unemployment compensation case.
After an ore tenus hearing, the trial court determined that the claimant was not entitled to unemployment compensation benefits. The trial court's decision was in part based on the conclusion that the claimant was discharged from his employment with the Mobile County Personnel Board because of misconduct in connection with his employment after previous warnings.
The claimant appeals and we affirm.
The dispositive issues are whether the trial court erred regarding a certain evidentiary ruling and whether the trial court's decision, that the claimant was guilty of "misconduct after warning," is supported by the evidence.
We do not deem it necessary or prudent to set out in detail the facts surrounding this appeal. Only those facts necessary to the resolution of the issue will be mentioned.
 I
The claimant attempted to introduce into evidence a determination from the Equal Employment Opportunity Commission concerning a charge that claimant had filed against the Mobile County Personnel Board. The trial court refused to admit into evidence the proffered documents. *Page 1142 
As indicated, the claimant appeals, contending that the trial court committed reversible error in refusing to admit the requested documents.
We note that the Equal Employment Opportunity Commission proceeding appears to have had no direct relation to unemployment compensation benefits or claim for such benefits.
An "appeal" from the Board of Appeals of the Department of Industrial Relations to the circuit court, such as we have in this instance, is for a trial de novo. See Ala. Code (1975), §25-4-95; State Department of Industrial Relations v. Page,362 So.2d 263 (Ala.Civ.App. 1978).
The determination of relevance and materiality of evidence is largely within the discretion of the trial judge. Zekoff v.Franklin, 380 So.2d 869 (Ala.Civ.App. 1979), writ denied,380 So.2d 873 (Ala. 1980); 9 Ala. Digest, Evidence, Key No. 143 (1936).
In view of the de novo aspect of the proceeding before the trial court, coupled with the discretion of the trial court as to "relevancy" and "materiality," we cannot say the trial court's action in refusing to admit the proffered evidence constitutes reversible error. In fact, this court on review fails to perceive the relevancy of the evidence, nor is the relevancy explained by able counsel in brief.
We further note that, even assuming that the evidence has some relevancy, it would appear that any error committed by the trial court would fall within the provision of Rule 45, Alabama Rules of Appellate Procedure, i.e., "error without injury."
 II
The trial court's conclusion that the claimant was guilty of "misconduct" and, therefore, not entitled to unemployment compensation benefits was based upon Ala. Code (1975), § 25-4-78
(3)(b). This code section provides that a claimant is disqualified to receive certain unemployment benefits if such claimant "was discharged from his most recent bona fide work for actual or threatened misconduct . . . repeated after previous warning to the individual."
This court held the following regarding the meaning of "misconduct" in Ala. Code (1975), § 25-4-78 (3)(b): "Thecontinued failure of an employee to perform his job in a manner which previous performance indicates is contrary to his experience and ability may be found to be misconduct under section 25-4-78 (3)(b), Code 1975." Williams v. James,446 So.2d 631, 633 (Ala.Civ.App. 1984) (emphasis added). Furthermore, misconduct has been defined as follows: "conduct evincing (1) a deliberate, wilful, or wanton disregard of an employer's interests or of the standards of behavior which he has a right to expect of his employee. . . ." Annot., 26 A.L.R.3d 1356, 1359 (1969).
The evidence reveals the following: The claimant abused the employer's "tickler system" by notifying job applicants of all possible jobs for which they might apply. The claimant was warned about this abuse of the tickler system. The claimant also violated the employer's nepotism policy because he did notinform the Personnel Board that his sister was interviewing for a job and that he screened her application.
The claimant apparently set his own holidays. The claimant was also warned about reading newspapers at his desk, which was in public view, because it gave an unprofessional appearance.
The evidence also shows that the claimant was often late for work and that the claimant made defamatory statements about members of the Personnel Board within the hearing of several individuals. Specifically, he referred to certain board members as "liars" and "crooks."
The claimant did not follow oral or written instructions requiring him to clear job applicant disqualifications through the Chief Personnel Analyst. Apparently, the claimant also refused to work harmoniously *Page 1143 
and cooperatively with his fellow employees. Furthermore, the claimant also disregarded instructions concerning punctuality when conducting interviews with job applicants.
Most importantly, the testimony of the claimant's supervisors indicates that the claimant's job performance was initially satisfactory but deteriorated over time, as evidenced by the claimant's continuous failure to follow instructions and department policies. This is "misconduct" as defined by our decision in Williams v. James, 446 So.2d 631, 633 (Ala.Civ.App. 1984).
In view of the above, it is clear to this court that the trial court's conclusion, that claimant's "misconduct" disqualified claimant from receiving unemployment compensation benefits, is supported by the evidence.
 III
In addition to the above, we find it appropriate in this case to note the following:
The trial court in its judgment finding the claimant not entitled to unemployment compensation benefits specifically found the following: "2. That the plaintiff, Carnell Davis, failed to carry the required burden of proof that he was able and available as required by § 25-4-77."
Section 25-4-77, under appropriate circumstances, requires a claimant to be able and available for work to be entitled to certain unemployment compensation benefits. There does not appear to be any evidence that the claimant was available for work as contemplated by the statute. See also State, Departmentof Industrial Relations v. Downey, 380 So.2d 906 (Ala.Civ.App. 1980).
In any event, the trial court's judgment is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.