This is an appeal of denial of unemployment compensation by judgment of the Circuit Court of Escambia County, Alabama. Said judgment was entered upon trial de novo, held ore tenus, of a claim for benefits previously denied by the Board of Appeals of the Department of Industrial Relations, as provided by §25-4-95, Code of Alabama 1975.
The judgment of the court contains the following pertinent language: "After considering the evidence ore tenus, it is the judgment of the Court that the plaintiff is disqualified and not eligible to receive unemployment compensation benefits based upon her termination from the Provident Manufacturing Company."
The Board of Appeals, the hearing officer and the claims examiner of the Department found Johnson disqualified for benefits under the provision of § 25-4-78 (3)(b), Code 1975. (She was discharged from her job with Provident for actual misconduct committed in connection with her work, repeated after warning.) It was upon that issue only that trial was held de novo. We find no objection in the record by the Department to such limited trial. We therefore review only according to the issue or theory upon which the case was tried, i.e., whether there is substantial evidence to support a finding that Johnson was dismissed from her job for actual misconduct committed in connection with her work, repeated after warning.
The evidence, when viewed most favorably in support of the judgment, shows *Page 1276 
that Johnson had worked for Provident, a blouse manufacturer, for more than four years. She had been for most of that time a good worker. For several months prior to her dismissal, Johnson had been talking loudly to her fellow workers, all of whom worked in a relatively small room amid some fifty active sewing machines. The manager and primary owner of the company had, on several occasions, protested her talking so much to other employees while working, particularly while away from her station. Several days before her dismissal, Johnson had been told by the employer to stop talking and return to her station. She resented such telling and insisted upon an apology for his "hollering" at her. Upon being called to his office, she told her employer to stop "hollering" at her or fire her, that she was not going to change nor stop talking. She told him if he was a man he would go ahead and fire her then.
The employer did not then fire her, but told her to think about what had occurred. From Monday to Friday she became even more talkative and failed to conform in any way to what the employer had requested. On Friday she was dismissed.
Most of what we have related was undisputed by Johnson. Her primary response to that evidence was that she was no more loud and talkative than the other workers and that her work output was as good as any. She also stated that the real reason for her dismissal was her refusal to date the employer.
Johnson has presented three closely related sub-issues in brief. Number I is that she was not guilty of misconduct under the statute. The argument in support of that issue relies on the statute (§ 25-4-78 (b)(3)) as it was before amendment in 1982. The amendment removed the requirement of "deliberate misconduct" as disqualification. The statute now requires only "misconduct" committed in connection with the work. The authorities cited by Johnson in brief pertain primarily to definition of the "deliberate misconduct" contained in the statute prior to amendment. However, the description of misconduct related in the cases of Henley v. Housing Authorityof the City of Montgomery, 403 So.2d 265 (Ala.Civ.App. 1981), and McClain v. Department of Industrial Relations, 405 So.2d 34
(Ala.Civ.App. 1981), are applicable to the evidence in this case. Perhaps more appropriate to this case is the more recent case of Williams v. James, 446 So.2d 631 (Ala.Civ.App. 1984). In any event, the evidence which we have previously related substantiates a finding of disregard of the employer's requests and direction for performance while on the job and continuation of such acts after warning, such conduct constituting actual misconduct in connection with the work.
Sub-issue Number II is that there was not sufficient warning given prior to discharge. The essence of contention on this point is that Johnson was never told in exact words that, "If you continue to act the way you are acting, I'm going to fire you." Such contention is not well taken. We are not prepared to hold that such words are necessary in order to constitute a warning as to continued misconduct. It was sufficient in our opinion that Johnson was several times requested to cease her course of conduct. The last such request was recognized by Johnson as basis for dismissal. It is undenied that she explicitly challenged her employer to fire her. In spite of such challenge, she was given opportunity to consider and change her actions. She chose not to do so. Such circumstances were sufficient to constitute a warning under the statute.Williams v. James, supra.
Sub-issue Number III charges error in the interpretation of the Unemployment Compensation Act by the trial court. This charge is merely argument without foundation.
Finding no error therein, the judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1277