HOLMES, Judge.
This is an unemployment compensation case.
The Alabama Department of Industrial Relations (Department) denied the employee’s application for unemployment benefits, and the employee appealed to the Circuit Court of Dallas County. Following an ore tenus hearing, the circuit court held that the employee was disqualified from receiving unemployment compensation under Ala.Code (1975), § 25-4-78(3)b., due to misconduct.
The employee appeals. We affirm.
The trial court reached its decision in this case after the evidence was presented to it ore tenus. In such a case, the trial court’s decision is presumed to be correct and will not be set aside unless it is shown to be clearly contrary to the weight of the evidence. Heatherly v. Campbell, 485 So.2d 735 (Ala.Civ.App.1986).
Our review of the record indicates that the decision of the trial court that the employee was disqualified for unemployment compensation due to her misconduct is not contrary to the weight of the evidence.
Under Ala.Code (1975), § 25-4-78(3)b., an employee is disqualified for unemployment benefits “[i]f he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work ... repeated after previous warning to the individual.”
The record shows that the employee was hired by the employer, an apparel manufacturer, in January 1983. The employee testified that in March 1983 she was assigned to the job of back hip pocket setter. She performed this job until her employment was terminated in March 1984.
The employee’s supervisor testified that the employee was terminated from her employment because the quality of her work was bad. The record reveals that the employee was given five written warnings concerning the unsatisfactory quality of her work over a period of approximately six months prior to her termination. Her supervisor testified that the employer also attempted to counsel the employee in an effort to improve the quality of her work.
The employee contends that her entire work history with the employer was not one of good performance and that simply because she was unable to perform her work at the level required by the employer does not establish that she was guilty of misconduct. This contention might be valid, if it were supported by the evidence. The record, however, supports the conclusion that the employee was capable of and had performed work at a satisfactory level for a period of several months.
The employee’s supervisor testified that the employee had at one time been “a fairly good operator” and that the quality of her work did not begin to suffer until approximately six months prior to her termination. The record shows that prior to that time *84 the employee did not receive one warning regarding the quality of her work for a period of approximately five months — from April 29, 1983, to September 16, 1983. The clear implication of such evidence is that during this five-month period the employee was able to and did perform her work satisfactorily and that, thereafter, for whatever reason, she refused to do so, despite repeated warnings.
This court has held that “[t]he continued failure of an employee to ‘perform his job in a manner which previous performance indicates is contrary to his experience and ability may be found to be misconduct under section 25-4-78(3)b., Code 1975.” Davis v. Department of Industrial Relations, 465 So.2d 1140, 1142 (Ala.Civ.App.1984); Williams v. James, 446 So.2d 631, 633 (Ala.Civ.App.1984).
The above-recited evidence supports the trial court’s conclusion that the employee was guilty of misconduct under § 25-4-78(3)b. because of her continued failure to perform her job in a manner which was contrary to her experience and ability, as shown by her past performance.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.