HOLMES, Judge.
This is an unemployment compensation case.
The Alabama Department of Industrial Relations (Department) denied the employee’s application for unemployment compensation benefits, and he appealed to the Circuit Court of Fayette County. Following an ore tenus hearing, the circuit court held that the employee was disqualified from receiving benefits under Ala.Code (1975), § 25-4-78(2), because he voluntarily left his job without good cause connected with his work.
The employee appeals. We affirm.
The trial court rendered its judgment in this case after the testimony of the employee, the only witness, was presented to it ore tenus. Where the trial court has been presented with ore tenus evidence in an unemployment compensation case, its findings are presumed to be correct and will not be set aside on appeal, unless they are shown to be clearly contrary to the weight of the evidence. Heatherly v. Campbell, 485 So.2d 735 (Ala.Civ.App.1986).
The employee contends that the ore tenus rule does not apply in this case because only one witness, the employee, testified and because that witness’s testimony is undisputed. See State v. Farris, 273 Ala. 171, 137 So.2d 51 (1962). See also Barrett v. Odom, May & DeBuys, 453 So.2d 729 (Ala.1984). We, in this instance, disagree.
The implication of or interpretation of the employee’s testimony is “hotly” disputed. Moreover, whether an employee is disqualified for benefits under Ala. Code (1975), § 25-4-78(2), is for the trier of fact to determine according to the evidence. Watkins v. Montgomery Days Inn, 455 So.2d 23 (Ala.Civ.App.1984). See also Fuller v. State, Department of Industrial Relations, 445 So.2d 925 (Ala.Civ.App.1984); Payne v. Director of Department of Industrial Relations, 405 So.2d 1322 (Ala.Civ.App.), cert. denied, 405 So.2d 1324 (Ala.1981).
Put another way, the determination of whether the employee is disqualified for benefits because he “left his most recent bona fide work voluntarily without good cause connected with such work,” § 25-4-78(2), is a question of fact, the resolution of which by the trial court sitting without a jury is governed by the ore tenus rule. Our review of the record indicates that the trial court’s determination of that question in this instance is not contrary to the great weight of the evidence.
*966 The evidence showed that the employee had been employed by the employer at its plant in Fayette for approximately nine years when the employer relocated its plant in Decatur. The employee testified that he was given the option of transferring to Decatur or of not transferring and drawing unemployment and severance pay. He further testified that he chose to transfer to Decatur “since I was so close to having vested interest in my retirement plan The evidence showed that, after working a certain number of hours in the tenth year of his employment with the employer, the employee would be entitled to his pension.
The employee commuted to Decatur from Fayette for approximately six months after the plant was closed in October 1983. He testified that in March 1984 he was told by the employer’s plant manager that “I would be terminated if I didn’t move [to Decatur] by the first of April [1984] ...” At some point after that conversation with the plant manager, the employee testified, he learned from the employer’s personnel director that his pension had already vested.
The employee then simply did not report for work after March 31, 1984. He testified that on April 1 he telephoned the employer and informed the employer that he “couldn’t get a way back” to Decatur from Fayette that day. It does not appear from the employee’s testimony that he had any further communication with the employer concerning his returning to work.
The record before the trial court contained the transcript of the hearing before the board of appeals. See Ala.Code (1975), § 25-4-95. At that hearing the employer’s personnel manager testified that after April 1 the employee did not call the employer again and that, after he failed to show up for work for a week, his employment was terminated.
The above-recited evidence supports the conclusion that the employee voluntarily left his employment without good cause connected with his work — in other words, that he chose not to return to work on April 1 because his pension had vested and he, therefore, no longer desired to commute to Decatur.
We should not be misunderstood as holding that an employer’s relocation of its business many miles from the residence of the employee would never give the employee “good cause” for voluntarily leaving his job. We hold only that, under the circumstances of this case, we cannot say that the trial court’s decision is against the great weight of the evidence. Cf. Watkins v. Montgomery Days Inn, 455 So.2d 23.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.