BRADLEY, Judge.
This is an unemployment compensation case.
Annie R. Davis, an employee of Columbus Mills for seven and one-half years, quit her job on October 10, 1984. Subsequently Ms. Davis sought unemployment compensation benefits. Her claim was denied by the board of appeals and she appealed to the Circuit Court of Barbour County. After a trial de novo, the circuit court refused to award claimant any benefits. Her post-trial motion was overruled and she appealed to this court.
The dispositive issue here is whether claimant was disqualified from receiving unemployment compensation benefits as provided in section 25-4-78(2), Code 1975.
Section 25-4-78, Code 1975, provides, in pertinent part, as follows:
“An individual shall be disqualified for total or partial unemployment:
“...
“(2) Voluntarily quitting work. — If he has left his most recent bona fide work voluntarily without good cause connected with such work.”
The evidence is without dispute that claimant voluntarily quit her job at Columbus Mills. The only question for decision by the trial court was whether claimant left her employment with good cause connected with such work. The burden of proof was on claimant. Department of Industrial *943 Relations v. Estes, 45 Ala.App. 360, 231 So.2d 137 (Civ.App.1970).
Where the trial court sits without a jury and hears the testimony of witnesses, its findings will be presumed correct and its judgment will not be reversed on appeal unless the decision is clearly contrary to the great weight of the evidence. Payne v. Director of Department of Industrial Relations, 405 So.2d 1322 (Ala.Civ.App.), cert. denied, 405 So.2d 1324 (Ala.1981).
The record shows that claimant started working for Columbus Mills in 1977 on the night shift as a skein winder I. In 1980 claimant was temporarily transferred to the Suessen Heatset department. On April 26, 1980 claimant was placed on maternity leave. Upon returning from leave, claimant worked in the skein winding department until June 1982, when she was permanently transferred to the Suessen department. Her job seniority in the Suessen department commenced in June 1982.
In October 1984, due to production cutbacks, several employees were temporarily transferred from the day shift to the night shift. This transfer was to be for a period of six to eight weeks. Claimant was told she was being temporarily transferred to the night shift. It was explained to her that the transfers were being made on a seniority basis.
Claimant said she had job seniority in the Suessen department since 1980 and she should not be transferred. When told that her seniority in the Suessen department did not commence until June 1982, claimant informed her supervisor that she was quitting her job and would not return to it.
The issue for resolution by the trial court was whether claimant had job seniority in the Suessen department on the day shift from 1980 or 1982. The trial court found that claimant’s job seniority in the Suessen department did not commence until 1982 and, therefore, she did not have sufficient seniority to prevent her transfer to the night shift. Consequently, claimant did not have good cause connected with her work to justify her leaving her employment. The trial court so found, and its finding is supported by the . evidence. The trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.