BRADLEY, Presiding Judge.
This is an unemployment compensation case.
The claimant in this ease, Ms. Brenda Sanders, began working for her employer, Brent Industries, Inc. (“Brent”), in December 1983. Ms. Sanders’s duties at Brent required her to pair and inspect gloves which were manufactured at Brent.
Shortly after she began working at Brent, Ms. Sanders began to complain of pain she was experiencing in her lower arm. The testimony before the circuit court demonstrates that the pain experienced by Ms. Sanders may have been caused by the repetitive motion required by her job-related activities.
In November 1984 Ms. Sanders went to see a physician regarding her arm. The physician diagnosed her condition as tendinitis and advised that she remain away from work for a couple of days and then return to work the following Monday. The testimony reveals that the following Monday Ms. Sanders did, in fact, return to work.
The day after the claimant returned to work, however, she was moved to a different job as a result of improvements that were being implemented in the work area of the plant. The claimant’s new duties required her to pair, inspect, and patch gloves as they came through the production process. The new job also required her to use a patching machine, which required the exertion of about one pound of force.
*909 Soon after Brent’s supervisors asked the claimant to work with the patching machine, she refused. One of the supervisors then told Ms. Brent not to return to work until she was healthy. Despite the fact that she was told to clock out before she left work, the claimant left work without clocking out, and there is evidence that the claimant got into an argument with one of her supervisors before leaving work. The claimant was subsequently terminated.
After her termination, the claimant sought unemployment compensation benefits and was initially disqualified from receiving full benefits. Thereafter, the claimant appealed to the appeals referee, who reversed the judgment of the unemployment compensation examiner. The employer then appealed to the board of appeals, which reversed the appeals referee. The claimant then appealed to the circuit court.
After conducting a de novo hearing, the circuit court ordered that the claimant be “disqualified from receipt of unemployment compensation benefits pursuant to the provisions of Code of Alabama 1975, § 25-4-78(3)(b), for committing misconduct connected with her work after previous warning.” The claimant thereafter filed her notice of appeal to this court.
The claimant contends that the trial court erred in holding that she was guilty of misconduct.
In Alabama a claimant may be totally or partially disqualified from receiving unemployment compensation benefits for job-related misconduct. See, § 25-4-78(3), Code 1975. Should the employee be terminated for misconduct committed after receiving a warning, he or she is disqualified from receiving any unemployment compensation benefits. See, Fuller v. State Department of Industrial Relations, 445 So.2d 925 (Ala.Civ.App.1984); § 25-4-78(3)(b), Code 1975. If the employee is terminated without warning for misconduct, he or she is entitled to partial benefits. See, Fuller v. State Department Of Industrial Relations, supra; § 25-4-78(3)(c), Code 1975. Finally, the type of misconduct for which an employee may lose his or her benefits has been defined as conduct or actions which constitute a “deliberate, wilful, or wanton disregard of an employer’s interests or of the standards of behavior which he has a right to expect of his employee.” Annot., 26 A.L.R.3d 1356 (1969); see also, Davis v. Department of Industrial Relations, 465 So.2d 1140 (Ala.Civ.App.1984).
Turning now to the fácts in the present case, the testimony before the trial court reveals that the claimant had twice received written warnings concerning her insubordination toward supervisors. During the incident made the basis of the present litigation, the claimant was told that her job would be modified to require her to operate a patching machine in pairing and inspecting gloves. The claimant, however, refused to perform the new job, contending that her arm hurt. The claimant was then told to clock out and go home until she could work. The claimant left the employer’s premises without clocking out. The testimony also demonstrates that the claimant and her supervisor got into a loud argument prior to the claimant’s leaving the employer’s premises.
The ore tenus rule applies in unemployment compensation cases. See, e.g., Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980). Therefore, where, as in this case, an unemployment compensation case is heard by the trial court sitting without a jury, the trial court’s factual findings are presumed correct and will not be disturbed absent a clear showing that those findings are against the great weight of the evidence. See, Davis v. Prestwood, 381 So.2d 85 (Ala.Civ.App.1980).
In the present case the trial court determined that the claimant engaged in acts which were contrary to the employer’s interests by leaving work without clocking out and by arguing with her supervisor. These acts of misconduct came after the claimant had been warned about such misconduct. Thus, there is sufficient evidence to support the trial court’s findings that the claimant was terminated for misconduct which was repeated after she had been warned of such misconduct. For this reason, the trial court’s order that claimant *910 be totally disqualified from receiving unemployment compensation benefits must be affirmed. Fuller v. State Department of Industrial Relations, supra.
AFFIRMED.
HOLMES and INGRAM, JJ, concur.