This is an unemployment compensation case. Mattie Adams, the appellant, was terminated from employment with the Greenville Apparel Company after she had accumulated fourteen points under the company's "no fault" absenteeism policy. After her termination, Adams filed for unemployment compensation benefits, which were denied. Adams then pursued her administrative remedies. The Board of Appeals affirmed her disqualification under Ala. Code 1975, § 25-4-78(3)(b).
Adams appealed to the circuit court and a trial de novo was held, wherein the trial court found her to be disqualified from receiving unemployment benefits, given her deliberate
misconduct, pursuant to Ala. Code 1975, § 25-4-78(3)(b). Adams filed a motion to amend the judgment or for a new trial, both of which were denied. It is from this judgment that Adams appeals.
Adams states two issues for our review: Can an absence from work due to personal illness constitute misconduct under Ala. Code 1975, § 25-4-78(3); and, if so, can it constitute deliberate misconduct under Ala. Code 1975, § 25-4-78(3)(b). She maintains that it is unreasonable for the employer to expect an employee to comply with an absenteeism policy when the employee is too sick to comply. However, there is a threshold issue that is critical to her case: Was Adams's last absence from work, for which she was terminated, due to personal illness? Adams maintains that the parties stipulated at trial that the last absence was due to personal illness. The Department of Industrial Relations and the employer dispute the claim that the last absence was due to personal illness, maintaining that the absence was due instead to a trip to Pensacola which Adams made to visit her sick brother, and also dispute the claim of a stipulation regarding Adams's last absence.
The record reflects no such stipulation regarding the absence which resulted in Adams's fourteenth point, and the trial judge refused to grant Adams's motion to correct or modify the record under Rule 10(f), A.R.App.P. The testimony at trial was undisputed that Adams had accumulated the fourteen points which resulted in her dismissal. Adams admitted that she understood the absenteeism policy. Adams admitted that a number of the absences which ultimately resulted in her termination were due to non-personal illness and transportation problems. Adams testified that she had received warnings regarding her absences, as well as a suspension. There was disputed testimony with regard to Adams's reason for being absent on the day that resulted in her fourteenth point. Adams testified that she was sick, while a witness for the employer testified that the absence was for a personal trip to visit her sick brother. Adams provided a doctor's certificate as evidence explaining the previous day's absence, but not for the day in *Page 19 
question. In fact, the certificate Adams submitted for the previous day indicated that she could return to work on the day in question.
We note at the outset that when an unemployment compensation case is tried orally before the court, sitting without a jury, the court's findings are presumed correct unless shown to be clearly contrary to the great weight of the evidence. Davis v.Prestwood, 381 So.2d 85 (Ala.Civ.App. 1980).
On appeal, Adams argues that absence from work due to personal illness cannot constitute misconduct, or at least not deliberate misconduct. The merits of this argument need not be addressed in the instant case, because there was conflicting evidence with regard to the nature of the absence that resulted in Adams's termination. That is, there was evidence suggesting that Adams was sick, as well as evidence suggesting that there was no legitimate excuse for her absence, and that it was in willful disregard of her employer's interest, and therefore rose to the level of deliberate misconduct under Ala. Code 1975, § 25-4-78(3)(b). The trial court was free to choose which evidence to believe, and it was the trial court's duty to resolve the conflicts in the evidence. Gann Lewis Roofing Co.v. Sokol, 359 So.2d 815 (Ala.Civ.App. 1978).
The trial court found that Adams was properly terminated for deliberate misconduct. We cannot say the great weight of the evidence was contrary to that finding. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.