This is an unemployment compensation case.
Rita Morrison appeals from a ruling of the Circuit Court of Jefferson County denying her benefits under the unemployment compensation laws of Alabama pursuant to Ala. Code 1975, §25-4-78(3)(b). The facts are not in dispute. Appellee, U.S. Pipe and Foundry Company (U.S. Pipe) hired Morrison in June of 1987. By April 1988, Morrison had received three oral and/or written warnings for tardiness. In August 1988, she received a three-day suspension for tardiness and was placed on probation for one year. On January 4, 1989, she was again tardy for work and was given a second three-day suspension and a "last chance" warning. On July 24, 1989, Morrison was thirty minutes late to her shift as a result of an appointment with her attorney. Morrison had scheduled her appointment for 2:00 P.M., knowing that her shift began at 4:00 P.M. Her employment was subsequently terminated as a result of six disciplinary actions for tardiness within two years. She contends that she contacted her employer more than thirty minutes prior to her shift to report that she would be tardy, and she also brought a statement from her attorney, verifying that appointment time. Morrison's application for unemployment benefits was denied, pursuant to Ala. Code 1975, § 25-4-78(3)(b). She requested and received a hearing before a referee and was again denied benefits. Ultimately, the Board of Appeals reversed the decision of the referee and found Morrison entitled to benefits. U.S. Pipe thereafter appealed to the trial court for a trial de novo. After receiving evidence ore tenus, and arguments and stipulations of counsel, the trial court found the issues in favor of U.S. Pipe and against Morrison. Hence, this appeal.
It was stipulated at trial that the issue was whether Morrison was discharged for misconduct after previous warning, pursuant to Ala. Code 1975, § 25-4-78(3)(b). On appeal, however, Morrison submits, for the first time, that she is entitled to reduced benefits, if disqualification is found under Ala. Code 1975, § 25-4-78(3)(c). Morrison contends that her appointment with her attorney constitutes a justifiable cause for tardiness or absence from work. U.S. Pipe contends that by company policy, personal appointments are not considered justifiable excuses for tardiness or absence from work. We affirm.
We are mindful of the ore tenus rule. "When an unemployment compensation case is heard orally before the court sitting without a jury, the court's findings are presumed correct and will not be reversed on appeal unless clearly contrary to the great weight of the evidence." Payne v. Director of Departmentof Industrial Relations, 405 So.2d 1322, 1323 (Ala.Civ.App. 1981). The evidence is undisputed that *Page 948 
Morrison had been warned numerous times, suspended twice, and at the last suspension, warned that further tardiness would result in termination of her employment. She was therefore on notice that if she was tardy again, she would be discharged.
Ala. Code 1975, § 25-4-78(3)(b), provides for complete disqualification as follows:
 "b. If he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work . . . repeated after previous warning to the individual."
Prior opinions of this court reflect that Ala. Code 1975, § 25-4-78(3)(b), applies to deliberate misconduct. McClain v.State Department of Industrial Relations, 405 So.2d 34
(Ala.Civ.App. 1981). A deliberate violation of the employer's rules constitutes deliberate misconduct, and further, a continuing recurrence of such violation over a period of time clearly establishes such a deliberate and willful intent to constitute willful misconduct. Johnson v. Director, Department ofIndustrial Relations, 470 So.2d 1274 (Ala.Civ.App. 1985);Henley v. Housing Authority for the City of Montgomery,403 So.2d 265 (Ala.Civ.App. 1981).
The Personnel Director of U.S. Pipe testified that absenteeism and tardiness are a cause of major inconvenience and expense to the company, and therefore, the company's rules demand prompt and regular attendance. The uncontroverted evidence reflects that Morrison received many prior warnings vis a vis tardiness. Nonetheless, Morrison knowingly chose a course of action resulting in her being thirty minutes late to work, rather than timely departing her attorney's office to avoid tardiness, or choosing to schedule the appointment differently. There is sufficient evidence in the record to support the trial court's decision, regardless of whether an attorney's appointment constitutes a justifiable cause for tardiness or absence from work. The record supports a finding of deliberate misconduct and we must affirm. Art BelewChevrolet, Inc. v. Harris, 424 So.2d 626 (Ala.Civ.App. 1982). Accordingly, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.