L. CHARLES WRIGHT, Retired Appellate Judge.
This is an unemployment compensation case with undisputed facts.
Brown and Root is an engineering firm that regularly performs work under federal contracts. As a federal contractor, Brown and Root is required to follow the Drug-free Workplace Act of 1988. 41 U.S.C. § 701(b)(1) (1987). In accordance with the *259 act, Brown and Root implemented a Drug and Alcohol Policy.
In November 1990 Timothy Jones was hired by Brown and Root as an electrician-helper. As part of the company’s pre-em-ployment process Jones read the substance abuse policy and signed a consent form that would allow Brown and Root to test him before employing him. He was given the pre-employment drug and alcohol test. He passed the test.
Brown and Root’s substance abuse policy includes a provision for random drug testing. Throughout Brown and Root’s facilities, notices are posted which state that employees are subject to drug and alcohol screening tests at any time. Jones acknowledged that he was aware that random testing was part of the substance abuse policy. He was also aware that a positive result would lead to termination.
On January 24, 1991 Jones was asked to submit to a drug test. Jones submitted. The test showed a presence of marijuana metabolites in Jones’s urine. Jones’s employment was immediately terminated.
Jones subsequently filed a claim for unemployment compensation. He was approved for the compensation without any disqualification.
Brown and Root appealed the approval for a hearing before an appeals referee. The referee reversed the claims examiner’s determination and found that Jones was partially disqualified from receiving compensation pursuant to § 25-4-78(3)(c), Code 1975.
Brown and Root appealed the referee’s decision to the Board of Appeals. The Board disallowed the appeal.
Brown and Root then appealed the decision to the Circuit Court of Cullman County. Both parties filed motions for summary judgment. The trial court granted summary judgment in Brown and Root’s favor, finding that Jones was totally disqualified from receiving unemployment compensation pursuant to § 25 — 4—78(3)(b). Following the denial of his postjudgment motion, Jones and the Alabama Department of Industrial Relations appeal.
Section 25-4-78(3)(b) provides for total disqualification if the employee “was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work ... repeated after previous warning.” Section 25-4-78(3)(c) provides for partial disqualification if the employee “was discharged from his most recent bona fide work for misconduct connected with his work....”
The parties agree that Jones’s action constituted misconduct. (This court recently determined that such action constitutes misconduct “connected with work.” Batain v. State Dep’t of Indus. Relations, 606 So.2d 140 (Ala.Civ.App.1992)). The parties disagree as to which section is controlling. Jones and the Department submit that § 25-4-78(3)(c) is controlling and that Jones should be only partially disqualified. They insist that the trial court erred in finding § 25-4-78(3)(b) to be applicable because Jones’s act of misconduct was not one “repeated after previous warning.”
In determining that Jones was totally disqualified from receiving compensation, the trial court found the following:
“[T]his case turns not upon any issue of fact, but rather upon a question of law. That question is whether Jones received a warning prior to his testing positive for marijuana metabolites in January 1991. The Court determines that the repetitive notices that Jones received concerning Brown and Root’s Drug policy and the policy’s clear requirement that employees not come to work with drugs in their system served as an adequate warning under § 25-4-78(3)(b). Therefore, when Jones participated in misconduct, he had already received a warning that such misconduct would lead to his termination.” (Footnote omitted.)
We agree with the trial court that Jones was given sufficient “warning.” However, we do not find that to be the pivotal issue of this case. Section 25-4-78(3)(b) disqualifies one for misconduct “repeated after previous warning.” Section 25-4-78(3)(b) was promulgated as a “last chance” statute. Jones assesses the purpose of that section in the following man *260 ner: “Clearly the purpose of § 25-4-78(3)(b) ... is to give an errant employee another chance to improve his conduct and refrain from doing the same or similar acts again. In other words, the purpose of § 25-4-78(3)(b), is to give the employee another chance.” Case law supports this assessment. Morrison v. United States Pipe & Foundry Co., 598 So.2d 946 (Ala.Civ.App.1992); Adams v. Allen, 586 So.2d 17 (Ala.Civ.App.1991); Rubin v. Department of Indus. Relations, 494 So.2d 82 (Ala.Civ.App.1986); Johnson v. Director, Dep’t of Indus. Relations, 470 So.2d 1274 (Ala.Civ.App.1985); Davis v. Department of Indus. Relations, 465 So.2d 1140 (Ala.Civ.App.1984); Williams v. James, 446 So.2d 631 (Ala.Civ.App.1984); Fuller v. State, Dep’t of Indus. Relations, 445 So.2d 925 (Ala.Civ.App.1984); Payne v. Director of Dep’t of Indus. Relations, 405 So.2d 1322 (Ala.Civ.App.1981); Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980).
It appears from the use of the specific word “repeated” that it was intended by the legislature that the “misconduct” which totally disqualifies must have previously occurred and then have been “repeated” after a warning. In other words, the claimant-employee is not totally disqualified until there has been a second act of misconduct or threatened misconduct for which there has been a previous warning. If such were not intended, the phrase “committed after previous warning” would have been proper rather than the phrase “repeated after previous warning.” Neither the trial court nor the appellate court is authorized to depart from the plain meaning of a statute. Parker v. Hilliard, 567 So.2d 1343 (Ala.1990).
This court may agree with the wisdom of the learned trial judge in this case, but we, as well as he, are bound by the principle just stated. We must reverse the granting of summary judgment and remand for his further consideration.
We express no opinion on the contention of the Department as to the application of § 25-4-78(3)(c). That contention may be addressed by the trial court upon remand.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.