ROBERTSON, Presiding Judge.
Mannor Corporation contested Carolyn B. Sanders’s entitlement to unemployment compensation benefits. Mannor had terminated Sanders’s employment due to an accumulation of points for absenteeism.
Following a hearing, the appeals referee found that Sanders’s absence from work which resulted in her termination was due to illness and that she was entitled to unemployment compensation benefits. Mannor appealed the referee’s decision to the board of appeals, which refused to reverse the decision of the referee. Mannor then appealed to the circuit court. Following an ore tenus proceeding, the circuit court held that the employee did not commit misconduct and was not prohibited from receiving unemployment compensation.
On appeal to this court, Mannor contends that the trial court erred in its judgment and that the trial court erred by not admitting into evidence instances of termination of two other employees.
We note that a judgment rendered after an ore tenus proceeding will not be overturned on appeal unless the preponderance of the evidence is so great as to convince this court that the judgment is wrong and unjust. Lewis v. Director of State Dep’t of Industrial Relations, 373 So.2d 1147 (Ala.Civ.App.1979). “The trial court had the duty to resolve the conflicts in the testimony and determine the weight and inferences to be drawn from the evidence.” Williams v. Department of Industrial Relations, 490 So.2d 1246, 1249 (Ala.Civ.App.1986).
Section 25-4-78(3)b, Code 1975, provides for disqualification for unemployment compensation benefits for the following:
“If he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work ... repeated after previous warning to the individual.”
This court, pursuant to § 25-4-78(3)b., Code 1975, has defined misconduct as the continued failure of an employee to perform his job in a manner which previous performance indicates is consistent with his experience and ability. Davis v. Department of Industrial Relations, 465 So.2d 1140, 1142 (Ala.Civ.App.1984).
After a careful review of the record, we are not convinced that the trial court’s judgment is wrong and unjust. Also, we find no merit in Mannor’s contention that the trial court erred in failing to admit into evidence the circumstances concerning the terminations of two other employees for excessive absenteeism.
We note that an appeal from the Board of Appeals of the Department of Industrial Relations to the circuit court, as we have in this case, is for a trial de novo. Davis. Further, it is within the discretion of the trial court to determine whether evidence is relevant and material. Davis.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.